J-S54024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES STYEN | |
| Appellant | No. 1925 WDA 2015 |

Appeal from the PCRA Order October 29, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0017244-2009

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                           **FILED SEPTEMBER 08, 2016**

James Styen appeals *pro se* from the order entered October 29, 2015, in the Court of Common Pleas of Allegheny County.[1]  The PCRA court dismissed, as untimely, Styen's *pro se* "Motion to Vacate Judgment of Illegal

---

[1] We note that Styen's notice of appeal is docketed as filed with this Court on December 7, 2015, in excess of the 30-day appeal period from the October 29, 2015 order dismissing Styen's PCRA petition.  **See** Pa.R.A.P. 903.  The envelope attached to the notice of appeal reflects a postmark of December 3, 2015, which is also beyond the 30-day appeal period.  Where, as here, the *pro se* appellant is incarcerated, we apply the "prisoner mailbox rule." **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox, though the notice of appeal is actually received by the court after the deadline for filing the appeal). While we recognize our prerogative to remand for a hearing to determine Styen's compliance with the prisoner mailbox rule, given our disposition, we will not remand as it "would be futile to do so." **See Commonwealth v. Chambers**, 35 A.3d 34, 40 (Pa. Super. 2011).

Sentence, and or Motion to Set Aside, Vacate Mandatory Minimum Sentences Pursuant to Alleyne v. United States[2]; Hopkins v. Supreme Court of United States[3]," which the court treated as Styen's second petition filed under Pennsylvania's Post Conviction Relief Act (PCRA).[4]  Based upon the following, we affirm.

Styen was charged at four dockets with robbery and related offenses for incidents that occurred over several days with two accomplices. On September 9, 2010, Styen entered negotiated guilty pleas in three dockets, to three counts each of conspiracy,[5] robbery[6] and related offenses, and the Commonwealth withdrew all charges at the fourth docket. The court immediately sentenced Styen according to the terms of the plea agreement, to serve an aggregate term of seven to 14 years' incarceration, which included a mandatory minimum five-year sentence, as provided in 42 Pa.C.S. § 9712 ("Sentences for offenses committed with firearms"), at this

---

[2] **Alleyne v. United States**, 133 S.Ct. 2151 (June 17, 2013).

[3] Styen is apparently referring to **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. June 15, 2015).

[4] 42 Pa.C.S. §§ 9541–9546.

[5] 18 Pa.C.S. § 903.

[6] 18 Pa.C.S. § 3701.

docket (Docket No. 17244-2009, Count 1, robbery). **See** N.T., 9/9/2010, at 30.

On August 30, 2011, on direct appeal, this Court affirmed the judgment of sentence. On January 18, 2012, the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Styen**, 32 A.3d 848 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 37 A.3d 1195 (Pa. 2012).

On November 30, 2012, Styen filed a *pro se*, timely PCRA petition. Counsel was appointed and filed an amended petition. Following a hearing, the PCRA court denied relief. On appeal, on March 17, 2015, this Court affirmed the order of the PCRA court, and the Pennsylvania Supreme Court denied allowance of appeal on July 30, 2015. **Commonwealth v. Styen**, 120 A.3d 1057 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 121 A.3d 496 (Pa. 2015).

On October 1, 2015, Styen filed the instant *pro se* "Motion to Vacate Judgment of Illegal Sentence," which the PCRA court treated as a PCRA petition. On October 13, 2015, the PCRA court issued notice of intent to dismiss, pursuant to Pennsylvania Rule of Criminal Procedure 907, finding that the petition was untimely. On October 28, 2015, Styen filed objections

to the PCRA court's Rule 907 notice. On October 29, 2015, the PCRA court denied relief, and this appeal followed.[7]

On December 10, 2015, the PCRA court directed Styen to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. *See* Order, 12/10/2015. The docket reflects that the order was "mailed" to Styen on December 10, 2015. On March 10, 2016, the PCRA court issued an opinion, stating Styen had failed to file a concise

_____

[7] Styen raises four issues in his *pro se* brief, which we reproduce verbatim:

   I.    WAS PETITIONER UNCONSTITUTIONALLY DENIED BY A STATE COURT, THE RETROACTIVE RELIEF AND APPLICATION OF U.S. SUPREME COURT DECISIONS, "UNITED STATES V. ALLEYNE, GREER, JOHNSON, SHAVERS, BOOKER; DENIED THE APPLICATION OF MARBURY V. MADISON, TESTA V. KATT; THE HARPER RULE PURSUANT TO ARTICLE VI. CLAUSE 2. "THE SUPREMACY CLAUSE," NUNC <u>PRO TUNC?</u>

   II.   WHETHER THE STATE COURT BY ITS REFUSAL TO APPLY THE DECISIONS ALLEYNE-APPRENDI, VIA THE SUPREMACY CLAUSE TO [STYEN'S] CASE NUNC PRO TUNC, WAS TANTAMOUNT TO A STATE COURT COMMITTING A[N] UNCONSTITUTIONAL <u>STRUCTURAL DEFECT</u>?

   III.  <u>WHETHER APPELLANT'S SENTENCE IS ILLEGAL?</u>

   IV.  WHETHER THE PCRA COURT ERRED WHEN IT ILLEGALLY FOUND THAT <u>ALLEYNE V. UNITED STATES</u>, 133 S.CT. 2150, 2151, 2160, 2162, 2163 (2013) DID NOT AFFORD THE APPELLANT RETROACTIVE APPLICATION OF NEW CONSTITUTIONAL RIGHTS AS NEW CONSTITUTIONAL RULE/OR LAW AS THE SUPREMACY CLAUSE/LAW OF THE LAND?

Styen's Brief, at 3.

statement as ordered, and the court was unable to determine errors alleged on appeal and could not file an opinion in response. **See** PCRA Court Opinion, 3/10/2016. On March 24, 2016, Styen filed a "Statement of Matters to be Complained About on Appeal (Nunc Pro Tunc)," alleging that he never received the PCRA court's Rule 1925(b) order.

It is well settled that an appellant waives all issues on appeal if he was directed to file a Rule 1925(b) statement and failed to do so. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). However, we will not find waiver for failure to file a Rule 1925(b) statement if an appellant fails to receive notice of the entry of the order requiring the statement. **Commonwealth v. Davis,** 867 A.2d 585, 588 (Pa. Super. 2005) (*en banc*). Accepting Styen's representation that he did not receive the PCRA court's Rule 1925(b) order, we will address Styen's claim that the PCRA court erred in dismissing his petition.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted).

Here, Styen's judgment of sentence became final on April 17, 2012.[8] Therefore, the instant petition, filed on October 1, 2015, which was filed nearly three and one-half years after his judgment of sentence became final, is patently untimely. However, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition may be reviewed if a petitioner pleads and proves the applicability of one of three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

_____

[8] As this Court noted in Styen's appeal from the denial of relief on his first, timely PCRA petition:

> [Styen's] judgment of sentence became final on April 17, 2012, when the ninety-day period for filing a writ of *certiorari* with the United States Supreme Court expired. **See** Sup. Ct. R. 13; 1 Pa.C.S. § 1908; 42 Pa.C.S. § 9545(b)(3). [Styen] then generally had one year, or until April 17, 2013, to file a PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1).

**Commonwealth v. Styen**, 120 A.3d 1057 (Pa. Super. 2015) (unpublished memorandum, at 3 n.5).

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Based on **Alleyne**, Styen invoked the PCRA's exception for newly-recognized constitutional right that applies retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(iii), **supra**. In **Alleyne**, the United States Supreme Court held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt. **See Alleyne**, 133 S. Ct. at 2163.

Since **Alleyne**, the mandatory minimum sentencing provision applied herein, as well as others, have been struck down as unconstitutional. **See Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (invalidating 42 Pa.C.S. §§ 9712 and 9713), *appeal denied*, 124 A.3d 309 (Pa. 2015); **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc), appeal denied*, 121 A.3d 496 (Pa. 2015); (invalidating 42 Pa.C.S. § 9712.1). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Newman, supra**, 99 A.3d at 101.

We agree with the PCRA court's assessment that Styen's argument based upon **Alleyne** is unavailing because "**Alleyne** has been held not to be

applicable retroactively and [Styen's] case had been resolved long before the ruling in *Alleyne*." PCRA Court Order, 10/29/2015.

Recently, in ***Commonwealth v. Washington***, ___ A.3d ___ [No. 37 EAP 2015] (Pa. July 19, 2016), the Pennsylvania Supreme Court held that ***Alleyne*** does not apply retroactively to attacks upon mandatory minimum sentences advanced on collateral review. Under ***Washington***, it is clear that Styen cannot satisfy the newly-recognized constitutional right exception and attack the validity of his sentence on the basis that it included imposition of a mandatory minimum sentence that has been rendered unconstitutional under ***Alleyne***. Accordingly, we affirm the PCRA court's denial of relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2016