J-S55041-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| MICHAEL J. SPESS, | : | |
| | : | |
| Appellant | : | No. 444 MDA 2017 |

Appeal from the Judgment of Sentence December 15, 2016,
in the Court of Common Pleas of Luzerne County,
Criminal Division, at No(s): CP-40-CR-0001456-2016
CP-40-CR-0002355-2016

BEFORE:    DUBOW, RANSOM, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED OCTOBER 11, 2017**

Michael J. Spess (Appellant) appeals from his December 15, 2016 judgment of sentence imposed at case number CP-40-CR-0002355-2016[1] after he pled guilty to burglary and theft by unlawful taking. Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[1] On December 15, 2016, Appellant was also sentenced, following a guilty plea, in a case filed at docket number CP-40-CR-0001456-2016 on charges that resulted from different criminal acts. However, he expressly declined to challenge any aspect of his judgment of sentence in that case in his post-sentence motion. Accordingly, his March 6, 2017 notice of appeal in case CP-40-CR-0001456-2016 was untimely filed, and we quash that appeal. ***See*** Pa.R.Crim.P. 720(A)(3); ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007) (quashing for lack of jurisdiction appeal filed more than 30 days after imposition of judgment of sentence).

*Retired Senior Judge assigned to the Superior Court.

On June 3, 2016, the Snyders arrived at their home just as Appellant was fleeing out their back door with, *inter alia*, their credit cards, watches, jewelry, and gun. Shortly thereafter the police spotted Appellant walking with the gun and arrested him. Appellant subsequently entered an open guilty plea to burglary and theft by unlawful taking. On December 15, 2016, Appellant confirmed that his plea was voluntary and that he did not wish to withdraw it, and was given at each count concurrent sentences of 12 to 30 months of imprisonment. Appellant timely filed a post-sentence motion which was denied by order of February 21, 2017.[2] This appeal followed.[3]

In this Court, Appellant's counsel filed both an **Anders** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly

---

[2] The motion was time-stamped as filed on December 27, 2016, which became the due date for the timely filing of the motion, given that the court was closed on Sunday, December 25 and Monday, December 26, 2016. However, the trial court had been unaware of the motion until it was attached as an exhibit to another filing in the trial court, and it was not entered on the trial court docket until after it was so directed by this Court's order of April 4, 2017.

[3] Although the trial court ordered Appellant to file a concise statement of errors complained of on appeal, and none was filed, no waiver results because the order was not entered properly on the docket. **See**, **e.g.**, **Commonwealth v. Davis**, 867 A.2d 585, 588 (Pa. Super. 2005) (*en banc*) (holding no waiver for failure to file concise statement where the clerk of courts did not indicate that service had occurred, let alone the date of service as required by Pa.R.Crim.P. 114).

frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....

       **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

       If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted). Our Supreme Court has clarified portions of the **Anders**

procedure:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

J-S55041-17

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has managed to do the bare minimum to comply with the technical requirements set forth above.[4] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

The issue arguably supporting an appeal cited by Appellant's counsel is whether the trial court abused its discretion in sentencing Appellant to 12 to 30 months of imprisonment in a state correctional institution. In reviewing the question, we bear in mind the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

---

[4] Appellant has not filed a response to counsel's motion.

- 4 -

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant timely filed a notice of appeal after preserving the issue by filing a motion to modify sentence. The Pa.R.A.P. 2119(f) statement before us is meager,[5] but in ***Anders*** situations this Court has not found review to be barred even in the absence of a 2119(f) statement. ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted).

---

[5] The one-sentence statement is as follows: "The trial court sentencing [] Appellant to in the high-end of the standard range is a substantial question requiring discretionary review. 42 Pa.C.S.[] § 9781(b); Pa.R.A.P. 2119(f)." Although our review is not precluded, we expect counsel to make more of an effort than this.

In his post-sentence motion, Appellant claimed that his sentence was "unreasonable and excessive under the circumstances of the case," namely that: (1) he would receive no credit in this case for all of the time spent incarcerated prior to sentencing because that time was properly credited to a DUI sentence in another case; (2) the trial court did not give adequate consideration to Appellant's "relative lack of criminal history" and potential to remain employed in the Luzerne County Correctional Facility if he were given a county rather than a state sentence; and (3) Appellant has two young children who live in Luzerne County. Motion to Modify Sentence, 12/27/2016, at ¶ 11.

We are not persuaded that Appellant raised a substantial question that his sentence is inappropriate under the sentencing code. The sentencing guidelines provided for a standard range sentence beginning at six to 14 months; Appellant was sentenced within the standard range to a minimum of 12 months. The sentencing court here had the benefit of a presentence investigation report and thus is presumed to have considered all relevant information. *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004). Appellant's contention in the face of these facts that the trial court should have given more weight to the mitigating factors he cited simply does not merit review. *See*, *e.g.*, *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a

substantial question for our review.") (citation and internal quotation marks omitted).

Based upon the foregoing, we agree with counsel that a challenge to the discretionary aspects of Appellant's sentence is frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous."[6] *Flowers*, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2017

---

[6] We have conducted our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014).