J-A29006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK GRABER | : | |
| | : | |
| Appellant | : | No. 995 EDA 2018 |

Appeal from the Judgment of Sentence November 27, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001409-1990

BEFORE: OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:          **FILED NOVEMBER 30, 2018**

Mark Graber appeals from the judgment of sentence imposed on November 27, 2017, in the Bucks County Court of Common Pleas, made final by the grant of post-sentence motions on January 11, 2018. Graber pled guilty to criminal homicide, aggravated assault, reckless endangering another person, and possession of an instrument of crime[1] in July of 1990. As will be explained **infra**, the court resentenced Graber in November of 2017 to a term of 45 years to life imprisonment. Graber now challenges the legality of his sentence, claiming it "creates a *de facto* life without parole sentence that

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2501(a), 2702(a)(1)/2702(a)(4), 2705(a), and 907, respectively.

unconstitutionally deprives him of a meaningful opportunity for parole as he is not one of the rare and uncommon juveniles who is irreparably corrupt." Graber's Brief at 18 (footnote omitted). Based on the following, we are constrained to quash this appeal as untimely filed.

The facts and procedural history underlying this appeal are well known to the parties, and not necessary to our disposition herein. *See* Trial Court Opinion, 5/17/2018, 1-10. We briefly note that on February 10, 1990, Graber, 16 years old at the time, shot and killed the victim, 18-year-old Shane Reilly. On the same date, and involving the same shooting incident, Graber shot at but missed a neighbor, David Girard. On July 9, 1990, Graber pled guilty to criminal homicide, aggravated assault, reckless endangering another person, and possession of an instrument of crime.[2] Following a degree of guilt hearing, Graber was found guilty of first-degree murder on July 10, 1990. On December 21, 1990, the court sentenced Graber to a term of life imprisonment without the possibility of parole.

Graber did not file a direct appeal, but did file numerous petitions for collateral relief pursuant to the Post Conviction Relief Act ("PCRA").[3] With respect to his fourth petition, filed on March 16, 2016, the PCRA court

---

[2]  18 Pa.C.S. §§ 2501(a), 2702(a)(1)/2702(a)(4), 2705(a), and 907, respectively.

[3]  42 Pa.C.S. §§ 9541-9546.

determined Graber was entitled to relief under **Miller v. Alabama**, 567 U.S. 460 (2012),[4] and **Montgomery v. Louisiana**, 136 S. Ct. 718 (January 25, 2016).[5]

Subsequently, at a November 27, 2017, resentencing hearing, the trial court vacated Graber's original sentence, and imposed a **negotiated** sentence of 45 years to life imprisonment, crediting Graber with time served from the date of his arrest on February 10, 1990. The court also ordered his court and transportation costs be waived for the proceeding.

On December 6, 2017, counsel for Graber filed a motion to reconsider his sentence, requesting the court enforce its order waiving Graber's court costs. On January 5, 2018, Graber filed a *pro se* notice of appeal, which was assigned to Docket No. 238 EDA 2018, and thereafter quashed as interlocutory on February 26, 2018.[6]

_____

[4] In **Miller**, the United States Supreme Court held that "mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465 (emphasis added).

[5] In **Montgomery**, the Supreme Court held that **Miller** was a new substantive right that, under the United States Constitution, must be applied retroactively in cases on state collateral review. **Montgomery**, 136 S.Ct. at 736.

[6] By *per curiam* order, this Court determined Graber's *pro se* appeal was interlocutory because the trial court had not entered an order regarding the post-sentence motion filed on December 6, 2017. **See** Order, 2/26/2018 [238 EDA 2018]; Order – Rule to Show Cause, 1/23/2018 [238 EDA 2018]. **See also Commonwealth v. Borrero**, 692 A.2d 158, 160 (Pa. Super. 1997) (appeal quashed as interlocutory where defendant filed the notice of appeal

During this time, on January 11, 2018, the court granted Graber's post-sentence motion, remitting the challenged costs. On March 16, 2018, Graber filed a counseled notice of appeal.

Before we can address the merits of this appeal, we must determine whether it is properly before us as it implicates our jurisdiction. *Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999) (appellate courts may consider issue of jurisdiction *sua sponte*). Generally, an appellant has 30 days from the imposition of sentence, or the denial of his post-sentence motions following the same, to file an appeal. **See** Pa.R.A.P. 903(a) ("the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken"); Pa.R.Crim.P. 720(a)(2)(c) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed … within 30 days of the entry of the order deciding the motion[.]). "This Court does not have jurisdiction to hear an untimely appeal." *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007).

Here, the court resentenced Graber on November 27, 2017, and granted his post-sentence motion regarding the challenged costs on January 11, 2018. Counsel for Graber did not file a notice of appeal until March 16, 2018, making

_____

before 120-day period had expired, and prior to the entry of an order finalizing the judgment of sentence).

it patently untimely.[7] On May 16, 2018, this Court issued a rule to show cause why Graber's appeal should not be quashed as untimely filed. Counsel filed a response on July 10, 2018.[8]

We begin with the following: "Pennsylvania Rule of Criminal Procedure 114(C)(2) provides that all orders and court notices must be docketed, and the docket must contain the date the clerk received the order, the date of the order, and the date and manner of service of the order or court notice." *Commonwealth v. Davis*, 867 A.2d 585, 586 (Pa. Super. 2005). "The

---

[7] In the notice of appeal, counsel alleges:

[counsel] did not receive notice of the January 11, 2018 granting of the Defendant's December 6, 2017 petition for reconsideration of sentence until, checking the docket entries on the CPCMS system, he learned of it on March 8, 2018. A physical copy of the order was given to him in Chambers on March 14, 2018, and electronic notice of it was sent to him by the Clerk of Courts on March 16, 2018.

Notice of Appeal, 3/16/2018, at unnumbered 1-2.

[8] Counsel states he first learned that Graber filed a *pro se* notice of appeal on January 10, 2018 from the trial judge's chambers, and based upon his prior experience with another Bucks County case, *Commonwealth v. Diaz* 981 A.2d 915 [1804 EDA 2008] (Pa. Super. 2009) (unpublished judgment order), he believed the filing of the notice of appeal would render the post-sentence motion moot. Answer to May [16], 2018 Rule to Show Cause, 7/10/2018, at 3. Moreover, counsel avers he never received written notice of the January 11, 2018 order, which constituted a breakdown in the mailing processes of the trial court system. *Id.* at 5-6. Lastly, counsel alleges that because of these mailing problems, he periodically checks docket entries when he expects a final order that will require a time restricted action, but did not do so in this matter because Graber had filed the *pro se* notice of appeal. *Id.* at 6.

comment to this Rule suggests that the notice and recording procedures are mandatory and not modifiable. The import of this requirement has been repeatedly upheld and reaffirmed by our Supreme Court and this Court." *Id.* at 587.

Here, the docket sheet plainly reflects that on January 11, 2018, the Clerk of Courts mailed Graber's counsel the January 11, 2018, order. *See* Criminal Docket No. CP-09-CR-0001409-1990. Therefore, we can ascertain that Graber was purportedly served with the trial court's order on that date, and counsel failed to file a timely appeal.[9] While we understand counsel may have had complications with the court's mailing process, he avers he was

_____

[9] This matter is distinguishable from case law where no notation was made on the docket, and therefore, the various filings were not considered untimely. *See Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa. Super. 2015) (finding appeal period did not begin to run where clerk of courts did not serve the order on the defendant or note the date of service on the docket); *Commonwealth v. Hooks*, 921 A.2d 1199, 1202 (Pa. Super. 2007) (finding docket failed to indicate the date and manner of service of the court's concise statement order); *Commonwealth v. Davis*, 867 A.2d 585, 587 (Pa. Super. 2005) (finding no evidence indicating that the clerk of courts furnished a copy of the concise statement order to defendant or counsel and no indication of the time and manner in which such service was made, if ever); *Commonwealth v. Parks*, 768 A.2d 1168, 1171 (Pa. Super. 2001) (holding no waiver of appellate issues where there was no recorded notation on the docket which indicated that the clerk of courts furnished defendant or counsel with a copy of concise statement order); *Commonwealth v. Phinn*, 761 A.2d 176 (Pa. Super. 2000) (refusing to find issues waived on appeal based on the fact that there was no indication on the docket regarding when or how the court's order was furnished to appellant). *See also Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) (holding the Commonwealth Court erred in quashing an appeal for untimeliness when the docket did not reflect the actual date of notice of entry of order appealed from).

aware of these issues but did not check the docket because Graber had filed a *pro se* notice of appeal and he believed that document rendered the post-sentence motion moot. His inaction is based on an inaccurate understanding of the law, and a misplaced reliance on an unpublished judgment order. **See Borrero**, **supra** (appeal quashed as interlocutory because post-sentence motions were still outstanding (under former Pa.R.Crim.P. 1410)). **See also Commonwealth v. Claffey**, 80 A.3d 780, 783 (Pa. Super. 2013) (an appeal filed while timely post-sentence motions were pending may be premature); **Commonwealth v. Rojas**, 874 A.2d 638 (Pa. Super. 2005) (a premature notice of appeal does not divest the trial court of jurisdiction to decide a timely filed post-sentence motion).[10]

Furthermore, Graber's post-sentence motion **only** addressed the remittance of court and transportation costs, which was granted. Thus, the January 11, 2018, order is purely an administrative function. The order does not restate Graber's negotiated sentence, which is the purpose of this appeal. Accordingly, we are compelled to quash Graber's appeal as untimely filed.[11]

Appeal quashed.

---

[10] **See also Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) ("[T]he proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action on the *pro se* pleading unless counsel forwards a motion.").

[11] We note that if Graber so chooses, the proper avenue for him to seek relief would be to file a PCRA petition, requesting reinstatement of his direct appeal rights *nunc pro tunc*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/18