J-S12001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHAD EARL FRANTZ :
:
Appellant : No. 703 MDA 2018

Appeal from the PCRA Order March 27, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002297-2015

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED: MAY 23, 2019**

Chad Earl Frantz appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We remand with instructions.

Given our disposition, a detailed description of the underlying facts is unnecessary at this time. Relevant to this memorandum, Appellant's judgment of sentence of thirty and one-half to sixty-one years of imprisonment for rape and related crimes was substantially affirmed by this Court on April 24, 2017. ***Commonwealth v. Frantz***, 169 A.3d 1206 (Pa.Super. 2017) (reversing one conviction that had concurrent sentence but affirming the rest and determining resentencing was unnecessary). Appellant filed a first, *pro se* PCRA petition in August 2017, and the PCRA court appointed Christopher P. Lyden, Esquire, to represent him. Attorney Lyden sought leave to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d

927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). By order of February 20, 2018, the PCRA court granted counsel's motion and issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The docket indicates that the order was served on the Commonwealth and Attorney Lyden, but does not denote service to newly-*pro-se* Appellant.[1] Appellant sought, but was denied, an extension of time to file his response to the Rule 907 notice.[2] Appellant then filed a premature notice of appeal dated March 26, 2018.[3] By order of March 28, 2018, the PCRA court again granted counsel leave to withdraw, and dismissed Appellant's petition. The docket does not reflect service of the order upon Appellant.

On April 10, 2018, as discussed *infra*, the PCRA court filed a defective order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4] Before the statement was due, Appellant requested an extension of time in which to file it, but the PCRA court denied the request. Appellant filed a second appeal from that order, in response to which the trial

---

[1] According to the docket, each and every one of the PCRA court's subsequent orders was served upon Attorney Lyden, and none was served upon Appellant.

[2] A response dated March 21, 2018, was docketed on April 2, 2018.

[3] The order was docketed on April 9, 2018.

[4] **See** Pa.R.Crim.P. 114(B)(3)(a)(v); Pa.R.A.P. 1925(b)(3)(iv).

court issued another defective 1925(b) order. Appellant's timely statement for the second appeal was docketed on July 16, 2018.

In the meantime, the PCRA court entered an order, which purported to dismiss Appellant's first appeal to this Court. This Court entered an order on July 19, 2018, indicating that the PCRA court's dismissal order was a nullity, as it lacked jurisdiction to do so once the appeal was filed. Accordingly, Appellant's first appeal remained pending before this Court. Also by order of July 19, 2018, this Court directed Appellant to discontinue the second appeal as moot, which Appellant did by praecipe docketed on August 17, 2018.

Appellant next filed an application for leave to file a Rule 1925(b) statement *nunc pro tunc*.[5] By order of September 20, 2018, this Court denied Appellant's request and directed him to file his brief. Therein, Appellant contends that the PCRA court erred in denying his motion for an extension of time to file his Rule 1925(b) statement in this (the first) appeal. Appellant's brief at 4, 13-16.

The PCRA court's position, advocated in its opinion filed before Appellant filed his brief, is that this appeal should be dismissed because, by failing to file a timely 1925(b) statement, Appellant failed to preserve any issues for appeal. PCRA Court Statement in Lieu of Memorandum Opinion, 8/6/18, at 3.

---

[5] Appellant initially filed his application at the docket number for the second appeal. This Court denied that application without prejudice to file it at the instant docket.

From the description of events offered above, it is clear to this Court that the PCRA court's Rule 1925(b) order in the instant case is unenforceable. "The requirement that defendants be given notice of the need to file a Rule 1925(b) statement is not a mere technicality. If we are to find that defendants waived their constitutional rights, we must be sure that the clerk of the court did his or her job to advise the defendants that it was necessary to act." **Commonwealth v. Davis**, 867 A.2d 585, 588 (Pa.Super. 2005) (*en banc*).

First, notice of the order (and all other filings after counsel was permitted to withdraw), was required to be served upon Appellant by certified, registered, or first class mail at his place of confinement. **See** Pa.R.Crim.P. 114(B)(3)(a)(v). The docket does not show compliance with the service requirement. "[T]he notice and recording procedures are mandatory and not modifiable." **Davis**, **supra** at 587. Indeed, this Court has expressly declined to apply waiver based upon a *pro se* defendant's failure to file a statement where the 1925(b) order was served upon his former attorney rather than mailed to the defendant's prison address as is required by Pa.R.Crim.P. 114(B)(3)(a)(v). **See Commonwealth v. Hart**, 911 A.2d 939, 940 (Pa.Super. 2006).

Further, Pa.R.A.P. 1925(b)(3)(iv) mandates that the court's 1925(b) order advise the appealing party that any issue not properly included in a timely filed and served statement will be deemed waived. The PCRA court's order contains no such notice. Rather, it merely directs Appellant "to file, by

May 1, 2018, a concise statement of the matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b)[,]" and indicates in small font below that copies also had to be delivered to the judge's chambers. PCRA Court Order, 4/10/18. This Court has cited deviation from the requirements of Pa.R.A.P. 1925(b)(3)(iv) as a basis to decline to apply waiver. **See Commonwealth v. Jones**, 193 A.3d 957, 962 (Pa.Super. 2018).

Moreover, "a court may not deny an appellant's timely motion for enlargement of time to file a Rule 1925(b) statement without providing justification for its finding that good cause has not been shown." **Commonwealth v. Hopfer**, 965 A.2d 270, 275 (Pa.Super. 2009). Appellant's initial request for an extension was timely filed in April 2018, and the PCRA court's May 1, 2018 order merely states that the motion is denied without any reason or explanation. **See** PCRA Court Order, 5/1/18.

For any and all of the above reasons, Rule 1925 waiver is inapplicable in this appeal. Yet, the PCRA court declined to author an opinion in reliance upon a finding of waiver. **See** PCRA Court Statement in Lieu of Memorandum Opinion, 8/6/18, at 3.

Rule 1925 is "a crucial component of appellate process." **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa.Super. 2008) (quoting **Commonwealth v. Butler**, 812 A.2d 631, 636 (Pa. 2002)). With so many issues requiring us to determine whether the trial court abused its discretion,

we need a trial court opinion, explaining its reasoning, to facilitate "meaningful and effective appellate review." *Id*.

Typically, we would remand for the entry of a proper Rule 1925(b) order and a new opinion from the trial court. *See*, *e.g.*, *Hart*, *supra* at 940. In the instant case, we need not do so, as the certified record contains a 1925(b) statement from Appellant, docketed on July 16, 2018, in connection with the second, now-dismissed appeal. Therefore, we remand for the PCRA court to file within thirty days an opinion addressing the eighteen issues raised by Appellant in his July 16, 2018 statement.

Case remanded with instructions. Panel jurisdiction retained.