J-S55033-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| INTERSTATE BUILDERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL ADAM DONELLY | : | No. 1283 WDA 2019 |

Appeal from the Order Entered July 16, 2019
In the Court of Common Pleas of Butler County Civil Division at No(s):
MsD. No. 18-40226

BEFORE:    BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    FILED JANUARY 05, 2021

Appellant, Interstate Builders ("Interstate"), appeals from the order of

July 16, 2019, granting the petition to strike off and open judgment and

motion for attorney's fees of Appellee, Samuel Adam Donelly.   This case

returns to this Court after remand for the trial court to determine procedural

issues concerning Interstate's concise statement of errors complained of on

appeal pursuant to Pa.R.A.P. 1925(b) ("Statement"); the trial court has

provided an informative statement of procedural history.  After careful review,

we affirm.

On September 18, 2018, Interstate filed a "Motion for Involuntary

Transfer of Vehicle Ownership."   On November 29, 2018, the trial court

entered an order awarding ownership of a 2012 Jeep Grand Cherokee ("the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Vehicle") to Interstate and/or Mary K. Dahl, individually, and/or Mary K. Dahl trading and doing business as "Interstate Builders."

On July 16, 2019, the trial court vacated the order and opened any related judgment entered by Interstate and/or Dahl. The trial court then awarded ownership of the Vehicle to Appellee and extinguished any other person's or entity's title or interest in the Vehicle. The order was accompanied by findings of fact and conclusion of law, in which the trial court found that --

> Mary K. Dahl willfully, intentionally, and fraudulently misrepresented to the [trial c]ourt the extent of Mary K. Dahl's attempts to serve the [Appellee] with notice of the hearing on the Motion for Involuntary Transfer of Vehicle Ownership, and the extent of her relationship, and her contact, with the [Appellee]. Additionally, the [trial c]ourt [found] that the filing of the original Motion for Involuntary Transfer of Vehicle Ownership by Interstate Builders and/or Mary K. Dahl, individually, and/or Mary K. Dahl t/d/b/a Interstate Builders, and the continuing pursuit of that Motion to be vexatious and obdurate. As such, [Appellee was] awarded attorney fees in the amount of Two Thousand ($2,000.00) Dollars [to be paid] within fifteen (15) days from the date of this Order of Court as attorney's fees.

Order, 7/16/2019, at 2-3 (not paginated).

On August 19, 2019, Interstate filed this timely appeal.[1] Later that same day, the trial court entered the following order:

_____

[1] On July 25, 2019, Interstate filed a motion for reconsideration. On August 26, 2019, the trial court entered an order stating that it no longer had jurisdiction to decide the motion for reconsideration, as a notice of appeal had been filed. The trial court consequently stated that it would not take any action on the motion for consideration, and the motion was neither granted nor denied.

- 2 -

AND NOW, this 19th day of August, 2019, in light of the Plaintiff/Appellant, Interstate Builders, having filed a Notice of Appeal to Superior Court in this matter with respect to the Order of Court under date of July 16, 2019, it is hereby ORDERED pursuant to the Pennsylvania Rules of Appellate Procedure, Rule 1925(b), that said Plaintiff/Appellant file of record in the lower court and serve on the trial judge, a Concise Statement of the Matters Complained of on Appeal no later than twenty–one (21) days from the date of this Order of Court.[2]  Any issue not properly included in the Statement timely filed and served shall be deemed waived.  Said service shall be to the following address:

> The Honorable S. Michael Yeager
> Court of Common Pleas
> Butler County Government and Judicial Center
> 124 West Diamond Street
> Butler, Pennsylvania 16001

Order, 8/19/2019 ("1925(b) Order").  The certified docket contains an entry dated August 19, 2019, certifying that the Butler County Prothonotary's Office mailed a copy of the 1925(b) Order to Interstate[3] and to Appellee's counsel that same day, by first class mail, postage prepaid.[4]

On September 6, 2019, Interstate filed its Statement with the Butler County Prothonotary's Office but failed to serve the trial judge.  On October 4, 2019, the trial court entered a "Statement in Lieu of [Pa.R.A.P.] 1925(a)

_____

[2] Twenty-one days thereafter was September 9, 2019.  See Pa.R.C.P. 106(a) ("When any period of time is referred to in any rule, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period.").

[3] Interstate was pro se at this time.

[4] "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given[.]"  Pa.R.A.P. 108(b).

Memorandum Opinion" deeming all Interstate's claims to be waived, because Interstate failed to serve the trial judge with its Statement.

In an abundance of caution, this Court remanded to the trial court to allow Interstate to "file an application in the trial court seeking a determination of whether [its] 1925(b) statement was timely filed and/or requesting permission to file a 1925(b) statement nunc pro tunc." Order, 11/14/2019.

On December 2, 2019, Interstate filed an "Application to Accept Previously Filed Rule 1925 Statement or to Grant Leave to Re-file Same Nunc Pro Tunc." Following an evidentiary hearing, on March 6, 2020, the trial court denied the application "for failure to timely file with the Court of Common Pleas of Butler County." Findings of Fact and Conclusions of Law, 3/6/2020, at 3 (not paginated). The trial court also concluded that the Statement "was not timely filed and served pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)." Id. at 4.

Interstate now presents the following issues for our review:

[1.] Did the [trial] court err by finding that Interstate has waived all of its claims for failing to file a Rule 1925 statement, even though Interstate did in fact timely file the statement?

[2.] Did the [trial] court err by opening and striking the judgment at issue where the petition to strike/open was filed five months after the judgment was entered; and did not attach a proposed answer or otherwise present a meritorious defense?

Interstate's Brief at 3 (issues re-ordered to facilitate disposition) (suggested answers omitted).

Interstate first contends that the trial court erred by finding its appellate challenges to be waived. Id. at 11. Accordingly, we must ascertain whether Interstate adhered to the Pennsylvania Rules of Appellate Procedure.

Whether an appellant followed appellate procedure is a pure question of law for which "our scope of review is plenary, and the standard of review is de novo." Commonwealth v. Walker, 185 A.3d 969, 974 (Pa. 2018).

Preliminarily, we note that Interstate's argument on this claim in its entirety is as follows:

> The [trial] court has deemed all of Interstate's appellate issues waived because it was not timely served on the lower court with Interstate's Rule 1925 statement. On November 14, 2019, this Court granted Interstate's application for a remand and remanded this matter so that Interstate could petition the trial court for a determination of whether its 1925 statement was timely filed; and/or an application to file the statement nunc pro tunc.
>
> It is undisputed that Interstate's Rule 1925 statement was timely filed with the Prothonotary. See[ Findings of Fact and Conclusions of Law, 3/6/2020, at 6] ([trial] court acknowledging that statement was filed with the prothonotary two days early). This finding is responsive to this Court's directive to determine whether the statement was in fact timely filed. See [Order, 11/14/2019]. That should have ended the inquiry.[4] Thus, the finding of waiver in this case is improper.
>
> > [4] In its application to this Court for a remand, Interstate explained that the failure to serve the trial judge was a mistake borne of its decision to personally file the Rule 1925 statement rather than take a chance on the mail getting across the state in time, and that the person filing the pleading mistakenly did not personally deliver it to the judge as well. In an abundance of caution, on remand Interstate filed an application to accept its Rule 1925 Statement nunc pro tunc. That was overnight mailed to the court on November 27, 2019. See[ Letter from Kevin Heron to Butler County Courthouse Clerk of Courts (November 27, 2019)]. It was not docketed until December 2, 2019. The [trial]

> court denied the application noting that it was docketed late. See[ Findings of Fact and Conclusions of Law, 3/6/2020, at 4]. But on the other hand, the [trial] court faulted Interstate for its original decision to not mail the original 1925 statement. See[ id. at 6].

Interstate's Brief at 11-12 (emphasis in original). Ergo, Interstate has failed to cite to any procedural rules, case law, or any other legal authority in support of his argument. See id. Interstate's entire issue hence is waived. Kelly v. The Carman Corp., 229 A.3d 634, 656 (Pa. Super. 2020) (where appellant "provided no citations to the Rules . . . , to case law, or to any other supporting authority for [an] issue[,]" the "appellate challenge is thus waived"); see also Pa.R.A.P. 2119(a) (argument shall include citation of authorities); see also, e.g., Commonwealth v. Spotz, 610 Pa. 17, 18 A.3d 244, 281 n.21 (2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); In re Estate of Whitley, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); Lackner v. Glosser, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention).

Assuming this claim were not waived for this reason, we would still find the challenges raised in the Statement to be waived for failure to comply with the requirements of Pa.R.A.P. 1925(b). In In re Estate of Boyle, 77 A.3d 674 (Pa. Super. 2013), this Court stated:

> In Commonwealth v. Lord, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that in order to preserve claims for appellate review, an appellant must comply with a trial court order to file a Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b). Our Supreme Court recently reiterated the bright-line rule established in Lord, holding that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised [on appeal]." Commonwealth v. Schofield, 585 Pa. 389, 888 A.2d 771, 774 (2005); see also Commonwealth v. Castillo, 585 Pa. 395, 888 A.2d 775 (2005) (same). . . .

Id. at 677 (emphasis in original) (some internal brackets omitted).

Pa.R.A.P. 1925(b)(1) explicitly states that an appellant "concurrently shall serve the judge" with the Statement. Interstate failed to do so. Its failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) thus results in automatic waiver of its appellate issues. Boyle, 77 A.3d at 677.

> However, there are still operative exceptions to Rule 1925(b) waiver with regard to timeliness. In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.

Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 225 (2014) (en banc) (citation and internal brackets,

quotation marks, and ellipsis omitted). According to the version of Pa.R.A.P. 1925(b)(3) in effect as of the date of the 1925(b) Order on August 19, 2019:[5]

> The judge's order directing the filing and service of a Statement shall specify:
>
> > (i)      the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
> >
> > (ii)     that the Statement shall be filed of record;
> >
> > (iii)    that the Statement shall be served on the judge pursuant to paragraph (b)(1); and
> >
> > (iv)     that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

In the current action, we have carefully reviewed the 1925(b) Order, Interstate's Statement, and the corresponding docket entries. Consistent with all of the requirements of Pa.R.A.P. 1925(b)(3), the 1925(b) Order specified: (1) the number of days within which Interstate was to file a statement of errors; (2) that the Statement shall be filed of record; (3) that the Statement shall be served on the trial judge; and (4) that any issue not included in a timely filed and served statement shall be deemed waived. See Pa.R.A.P. 1925(b)(3)(i)-(iv); Greater Erie, 88 A.3d at 225.

Another exception to the bright-line waiver rule exists where an appellant was not given proper notice of the order to file a concise statement of errors:

_____

[5] Pa.R.A.P. 1925(b) was amended by order on June 24, 2019; the amendments were effective on October 1, 2019, after the 1925(b) Order.

> [A]n en banc panel of this Court has recently held, strict application of the bright-line rule in Lord necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders. Commonwealth v. Davis, 867 A.2d 585, 588 (Pa.Super.2005) (en banc). The Pennsylvania Rules of Civil Procedure require the prothonotary to give written notice of the entry of a court order to each party and to note on the docket that notice was given. Pa.R.C.P. 236(a)(2)(b). . . . If the docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's issues have been waived for failure to file a Rule 1925(b) statement.

Boyle, 77 A.3d at 677 (citation and internal brackets omitted). Pa.R.C.P. 236(b) provides: "The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents."

In the instant action, the docket entry for the 1925(b) Order complies with Rule of Civil Procedure 236(b), as it indicates the date notice of the order was sent to the parties and attorneys of record. See Pa.R.C.P. 236(a)(2)(b); Boyle, 77 A.3d at 677.

Finding no error in the trial court's order or the trial court docket, and no applicable exception which could prevent waiver, we are constrained to find all of Interstate's issues waived for failure to file a timely court-ordered Statement.[6] We recognize that our application of Pa.R.A.P. 1925 may be harsh – perhaps draconian. However, this Court has acknowledged:

_____

[6] In criminal cases, a defendant's attorney's untimely filing of a court-ordered 1925(b) statement and complete failure to file a statement—which results in waiver of all issues—is per se ineffectiveness, from which the defendant is entitled to prompt relief. Pa.R.A.P. 1925(c)(3); Commonwealth v.

> Although recognizing that such a strict application of the Rule may be harsh, our Supreme Court stressed that failure to file the Rule 1925(b) statement "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal, and whether the trial court received the statement within the required time period."

Boyle, 77 A.3d at 677 (quoting Commonwealth v. Schofield, 888 A.2d 771, 774–75 (Pa. 2005)). As our disposition is consistent with Rule 1925(b) and decisional authority, id. at 679, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2020

---

Andrews, 213 A.3d 1004, 1010 (Pa. Super.) (citation omitted), appeal denied, 222 A.3d 376 (Pa. 2019). However, the present action is a civil matter, and, as this Court noted in Boyle, 77 A.3d at 679 n.6, in civil matters, "the parties have no corresponding right to counsel and effective assistance of counsel."