**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Steven DAVIS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 9, 2004.

Filed Jan. 21, 2005.

Michael E. Wallace, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J.,
HUDOCK, FORD ELLIOTT, JOYCE,
STEVENS, LALLY–GREEN, TODD,
KLEIN, and BOWES, JJ.

1. 18 Pa.C.S.A. § 2502.

2. 18 Pa.C.S.A. § 3301.

OPINION BY KLEIN, J.:

▮ ¶ 1 Steven Davis appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction on the charges of, *inter alia,* first-degree murder,[1] arson,[2] and conspiracy.[3] In his opinion, the trial judge stated that neither the defendant nor counsel had responded to the court's order to submit a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Therefore, the court chose to limit its review to the issues of sufficiency of the evidence and whether denying severance of the case was proper. However, since there is no evidence that the order to file a Rule 1925(b) statement was ever sent to Davis' counsel or Davis, and counsel certified to this Court in his brief that he never received the Rule 1925(b) order, we refuse to find waiver. Accordingly, we: (1) remand for the proper service of the 1925(b) order upon defense counsel; (2) direct counsel to file a Rule 1925(b) statement within 14 days of receipt of the order; and (3) direct the trial judge to file a revised Rule 1925(a) opinion addressing all issues contained in the 1925(b) statement.

¶ 2 Pennsylvania Rule of Criminal Procedure 114(C)(2) provides that all orders and court notices must be docketed, and the docket must contain the date the clerk received the order, the date of the order, and the date and manner of service of the order or court notice. In this case, there is no showing that the Philadelphia County clerk of courts ever notified counsel of the trial court's order to file a Pa.R.A.P. 1925(b) statement. Nothing is reflected in the docket, and there is no other evidence that the order was ever sent. This case is therefore controlled by the Pennsylvania Supreme Court's decision in *Common-*

3. 18 Pa.C.S.A. § 903.

*wealth v. Hess,* 570 Pa. 610, 810 A.2d 1249 (2002), where these provisions were held to be mandatory.

¶ 3 Michael Wallace, Esquire, an experienced and highly regarded trial attorney, stated in his brief that he never received any request for a Rule 1925(b) statement. He also added that if he did in fact get one and did not respond, that would be ineffectiveness.

¶ 4 Although perhaps it might have been better if Mr. Wallace had also filed an affidavit to that effect, we accept the statement in the brief, as he is an officer of the court. The brief was his first opportunity to respond to the trial judge's statement in the 1925(a) opinion that Wallace had failed to file a court-ordered Rule 1925(b) statement.

¶ 5 Wallace said the following:

The trial court claims to have forwarded an Order dated March 16, 2001 directing present counsel to file a Statement of Matters Complained of on Appeal. At no time was the Order received and the trial court's docket entry fails to indicate the method of mailing and to whom the Order was forwarded. In the trial court's Opinion, it states that present counsel did not comply with the court's Order directing the filing of a Statement of Matters Complained of on Appeal and as a result, all issues have been waived. Opinion of Smith, J., at p. 3. Since present counsel did not receive the Order and the trial court's docket entry fails to indicate the method of mailing and to whom the Order was forwarded, the issues raised in this appeal should not be considered waived. Regardless, present counsel has asserted his own ineffectiveness should this Court conclude that the issues were waived as a result of the failure to file a Statement of Matters Complained of on Appeal.

(Appellant's Brief, at 9.)

¶ 6 The trial judge never stated that *he* or *his office* ever mailed a statement to counsel. The judge merely said that "[n]either the defendant nor, [sic] his counsel have responded to this court's order." (Trial Court Opinion, 11/8/2001 at 3.)

¶ 7 Viewing the docket, there is no evidence indicating that the clerk of courts ever furnished a copy of the trial court's Rule 1925(b) order to Davis or his counsel, which is required by Pa.R.Crim.P. 114. There is also no indication of the time and manner in which such service was made, if ever, to Davis or his attorney. The comment to this Rule suggests that the notice and recording procedures are mandatory and not modifiable. The import of this requirement has been repeatedly upheld and reaffirmed by our Supreme Court and this Court.

¶ 8 For example, in *Commonwealth v. Hess, supra,* the Pennsylvania Supreme Court was faced with an almost identical fact pattern. The defense attorney in *Hess* claimed he never received a Rule 1925(b) request, but the trial judge nonetheless said "Appellant chose to ignore" its order. The Supreme Court said, "Of course, it is axiomatic that in order for an appellant to be subject to waiver for failing to file a timely Rule 1925(b) statement, the trial court must first issue a 1925(b) order directing him to do so." 810 A.2d at 1252. The Court went on to say that the language of Pa.R.Crim.P. 114 provides that "The clerk **shall** forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney, and **shall** record in the docket the time and manner thereof." *Id.* at 1253 (emphasis in original). There was more of an indication of service in *Hess* than in the instant case, since in *Hess* there at least was a docket entry

indicating that the parties were served. However, the docket did not indicate the date or manner of service. Because of that, the Supreme Court held there was no waiver of issues for failing to file a Rule 1925(b) statement. Here, there is not even an indication that there was *any* service.

¶ 9 In *Hess*, the Supreme Court referenced two of our cases that reached the same result: *Commonwealth v. Parks*, 768 A.2d 1168 (Pa.Super.2001), and *Commonwealth v. Phinn*, 761 A.2d 176 (Pa.Super.2000). In *Phinn*, significantly, our Court refused to find appellant's issues waived on appeal based solely on the fact that there was no indication on the docket regarding when or how the court's order was furnished to the appellant. Moreover, in *Parks*, there also was no recorded notation on the docket indicating that the clerk of courts had furnished the appellant or his counsel of record a copy of the Rule 1925(b) order. Additionally, our Court found this to be in direct contravention of the rules of criminal procedure, and therefore declined to find appellant's issue waived. Counsel in that case averred that he could not punctually comply with the order since it was erroneously sent to his prior business address. Our Court properly looked at the certified record and refused to doubt counsel's averment.

¶ 10 Here, too, not only is there no indication that the order was ever served, but counsel, as an officer of the court, denies that he ever received it. As our Court did in *Phinn* and *Parks*, we accept as true counsel's good faith assertion that he never received notice of the trial court's Rule 1925(b) order where that statement is made in connection with a certified record that does not indicate when or how this alleged notice was sent to appellant.

▪ ¶ 11 The requirement that defendants be given notice of the need to file a Rule 1925(b) statement is not a mere technicality. If we are to find that defendants waived their constitutional rights, we must be sure that the clerk of the court did his or her job to advise the defendants that it was necessary to act.

¶ 12 We have been strict in holding appellants to the dictates of *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), and its progeny. If we are going to do that, we should also be strict in requiring the trial court and clerk of courts to comply with the rules regarding notice of Rule 1925(b) orders. In the present case, it is clear the clerk did not comply with the mandatory requirements of Pa.R.Crim.P. 114. Under these circumstances, it would be improper to find Davis' issues waived.

▪ ¶ 13 A request for a Rule 1925(b) statement is optional with the trial judge. Many judges will write their Rule 1925(a) opinions without a Rule 1925(b) statement when they know the issues from presiding over the trial. If counsel is not advised that an order for a 1925(b) statement is issued, he or she should not have to guess whether or not the judge wanted one.

¶ 14 Case remanded. Within 14 days of the receipt of this Opinion, the trial judge is directed to issue a new order requiring Davis to file a Pa.R.A.P. 1925(b) statement. The 1925(b) order shall be promptly and properly docketed and mailed to counsel. Counsel is then directed to file a Rule 1925(b) statement within 14 days of receipt of the trial court's order. The trial judge is directed to file a Rule 1925(a) opinion within 45 days of receipt of Davis' Rule 1925(b) statement. Original panel jurisdiction retained.