J-S91024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DONALD JAMES SHERRILL, JR. | : | |
| | : | |
| Appellant | : | No. 761 MDA 2016 |

Appeal from the PCRA Order March 23, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0000006-2005

BEFORE:   FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                **FILED FEBRUARY 21, 2017**

Appellant, Donald James Sherrill, Jr., appeals from the order entered March 23, 2016,[1] denying as untimely his second petition filed under the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a jury trial, Appellant was convicted of attempted homicide, aggravated assault, conspiracy to commit aggravated assault, and escape.[2]

---

[1] Appellant erroneously appealed from the order entered on February 23, 2016, which was merely notice of the PCRA court's intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907.  **See** Pa.Crim.P. 907(4).  Nevertheless, the court entered a final order on March 23, 2016. Accordingly, we shall regard as done that which should have been done and proceed to consider the issues raised by Appellant.  **See** Pa.R.A.P. 905(a)(5); **cf. Johnston the Florist, Inc. v. TEDCO Const. Corp.**, 657 A.2d 511, 514–15 (Pa. Super. 1995) (*en banc*).
[2] 18 Pa.C.S. §§ 901(a), 2702(a)(1), 903(a)(2), and 5121(a), respectively.

\* Former Justice specially assigned to the Superior Court.

In April 2006, Appellant was sentenced to an aggregated term of incarceration of eleven to twenty-two years. Appellant timely appealed; this Court affirmed the judgment of sentence; and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Sherrill*, 924 A.2d 698 (Pa. Super. 2007) (unpublished memorandum), appeal denied, 929 A.2d 1162 (Pa. 2007).

In April 2008, Appellant timely filed a petition for collateral relief. Ultimately, the court dismissed this petition in March 2011. Following several procedural delays and extensions granted Appellant, Appellant filed an appeal, which was dismissed for failure to file a brief. *See Commonwealth v. Sherrill*, 1148 MDA 2012 (Pa. Super. 2013).

In February 2016, Appellant *pro se* filed the instant petition, asserting *inter alia* that government officials had interfered with his appeal from the order denying his first PCRA petition. *See* PCRA Petition, 02/08/2016, at 4. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss, and Appellant filed a response. Thereafter, in March 2016, the court dismissed Appellant's petition without a hearing. Appellant timely appealed, and the PCRA court issued an opinion explaining its decision.[3]

---

[3] There are two, related procedural issues that require a brief explanation. First, Appellant has attached to his appellate brief what is purportedly a Rule 1925(b) statement. *See* Appellant's Brief, Attachment (dated, by Appellant, 07/18/2016). This document does not appear in the certified record, nor was it entered on the Dauphin County docket. Accordingly, we may not

*(Footnote Continued Next Page)*

Appellant raises the following issues for review:

1. [Whether] Appellant [was] denied his rights under Article 1 § 9, of the Pennsylvania Constitution and the Sixth Amendment of the Constitution of the United States, of effective assistance of counsel, where he failed to properly investigate the mental health history of Appellant, prior to trial[; and]

2. [Whether] Appellant [was] denied his rights under Article 1 § 9, of the Pennsylvania Constitution and the Sixth Amendment of the Constitution of the United States, where due to governmental interference, Appellant could not properly file[] his petition timely since the legal materials necessary to file it [were] either misplaced, destroyed or concealed by prison officials during his transfer from several prisons.

Appellant's Brief at 3.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings

_(Footnote Continued)_ ——————————

consider it. **See Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006).

Second, on June 23, 2016, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days, *i.e.*, July 14, 2016. Appellant did not comply with this order. On July 19, 2016, the court transmitted the certified record to this Court, and, as of that date, no statement had been filed. However, the certified docket entries do not reveal whether the Dauphin County Prothonotary provided Appellant with proper notice of the court's order. **See Commonwealth v. Davis**, 867 A.2d 585, (Pa. Super. 2005) (*en banc*) (observing that the notice requirements of Pa.R.Crim.P. 114 are mandatory). Accordingly, Appellant was not required to file a Rule 1925(b) statement, and we decline to find waiver of the issues raised on appeal. **Id.**

deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Before considering Appellant's claims, we address the timeliness of his petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. *Id.* There are three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

Appellant's petition is untimely.[4]  Thus, Appellant was required to plead and prove an exception to the PCRA timeliness requirements. Appellant does not dispute that his petition is untimely; rather, Appellant acknowledges that he must avail himself of one of the exceptions set forth in section 9545(b)(1)(i)-(iii) in order for this Court to have jurisdiction to reach the merits of his claims.  **Bennett**, 930 A.2d at 1267 (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition).

Appellant asserts that his petition meets the timeliness exception found in 42 Pa.C.S. § 9545(b)(1)(i).  According to Appellant, prison officials lost, destroyed, or concealed legal materials necessary to appeal the dismissal of his first PCRA petition.  **See** Appellant's Brief at 9-10.

Appellant's assertion is unsubstantiated.  As noted by the PCRA court, Appellant's petition does not explain how or when prison officials interfered with his prior appeal.  **See** PCRA Court Opinion, 07/13/2016, at 4; **see also** PCRA Petition at 4 (baldly asserting that his "legal property was mis-placed [sic] and/or destroyed").  Moreover, Appellant's prior appeal was dismissed

_____

[4] Appellant's petition, filed February 8, 2016, is patently untimely. Appellant's judgment of sentence became final on November 14, 2007; ninety days after the Pennsylvania Supreme Court denied his petition for appeal.  **See** § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review); Sup.Ct.R. 13(1) (providing that a petition for writ of certiorari shall be filed within ninety days).  Thus, Appellant's current petition is more than eight years late.

in January 2013, but Appellant did not assert governmental interference until February 2016. Thus, Appellant has failed to establish that he filed his current petition within sixty days of the date this claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

In summary, Appellant's petition was patently untimely, and he has failed to establish an exception to the timeliness requirements of the PCRA. Accordingly, the PCRA court did not have jurisdiction to review the merits of Appellant's underlying claim and properly dismissed his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017