J-S31006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MIGUEL LAUREANO | : | |
| | : | |
| Appellant | : | No. 1561 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 30, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010147-2011

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 12, 2022**

Miguel Laureano appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of twenty-five to fifty years of incarceration, followed by seven years of probation, imposed for his convictions for rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault of a child, unlawful conduct with a minor, and related offenses.[1] We affirm.

This Court summarized the facts underlying Appellant's convictions as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purported to appeal from the June 24, 2021 order that denied in part his claims for collateral relief from his sentence. However, as we discuss in detail *infra*, the appeal is actually a *nunc pro tunc* direct appeal from his 2018 judgment of sentence. We have amended the caption accordingly.

> Complainant, Y.R., resided with [Appellant] and his wife, Luz Moralez, from the time she was approximately six to eleven years of age. During this time, Y.R.'s mother was incarcerated. Moralez previously had been Y.R.'s babysitter. Y.R. testified that while living with [Appellant] and Moralez, [Appellant] sexually assaulted and raped her on a regular basis. At trial, Y.R. testified to numerous incidents in which [Appellant] penetrated her vagina with his penis or fingers or otherwise inappropriately touched her.

*Commonwealth v. Laureano* ("*Laureano I*"), 151 A.3d 1135 (Pa.Super. 2016) (unpublished memorandum at 2), *appeal denied*, 145 A.3d 724 (Pa. 2016).

Appellant was convicted of the crimes detailed above, and the aforementioned sentence imposed. This Court affirmed the judgment of sentence, rejecting Appellant's challenges to the sufficiency and weight of the evidence, and our Supreme Court declined discretionary review. *See id*. Appellant filed a timely petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), alleging that his sentence was illegal because it included unconstitutional mandatory minimum sentences. The PCRA court granted relief and ordered resentencing.

Following a hearing, the trial court reimposed the same sentence, indicating that, while it had referenced the mandatory minimum statutes at the initial sentencing, they did not form the basis for its sentencing decision. *See Commonwealth v. Laureano* ("*Laureano II*"), 224 A.3d 741 (Pa.Super. 2019) (non-precedential decision). Appellant filed a timely appeal, challenging the discretionary aspects of his sentence. This Court affirmed the new sentence without delving into the merits of Appellant's claims, holding

that he failed to preserve the issues by raising them at the sentencing hearing or in a post-sentence motion. *Id*. (non-precedential decision at 5).

Appellant promptly filed a *pro se* PCRA petition, counsel was appointed, and, in an amended petition, alleged that counsel was ineffective in failing to file a post-sentence motion following resentencing seeking reconsideration of the sentence and challenging the weight of the evidence, and in failing to move to bar application of sex offender registration statutes. *See* PCRA Petition, 1/30/21, at 5. The Commonwealth agreed that Appellant was entitled to file a *nunc pro tunc* post-sentence motion and direct appeal but contested his other claims for relief. *See* Motion to Dismiss, 4/6/21, at 1.

The trial court granted PCRA relief on the sentencing claim, reinstating Appellant's post-sentence and direct appeal rights as to the discretionary aspects of his sentence but did not rule on the other PCRA claims. In response, Appellant filed his *nunc pro tunc* motion for reconsideration of sentence on May 11, 2021.[2] On May 19, 2021, the trial court entered two filings: (1) an order providing that the motion for reconsideration of sentence was denied, and (2) Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's remaining PCRA claims for lack of merit. We observe that the order denying

_____

[2] The docket initially indicated that the trial court had granted Appellant's post-sentence motion on May 6, 2021. However, the trial court later submitted to this Court a corrected docket sheet reflecting that it had instead on that date reinstated Appellant's rights to file a post-sentence motion and direct appeal.

Appellant's post sentence motion contained in the certified record did not comply with the mandates of Pa.R.Crim.P. 720(B)(4) in that it did not advise Appellant of his right to file an appeal or the time for so filing, his right to counsel for the appeal, or his right to continue *in forma pauperis* on appeal. **See** Pa.R.Crim.P. 720(B)(4)(a)-(c).  Also pertinent to this appeal from the docket report provided to this Court with the certified record, it is clear that neither filing was entered in accordance with Pa.R.Crim.P. 114, as there is no indication of the date of service.  **See** Pa.R.Crim.P. 114(C)(2) (providing that docket entries shall contain "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice.").

The docket next reflects that the PCRA court filed an order on June 24, 2021, dismissing Appellant's PCRA petition.  No such order was included in the record initially certified to this Court, but a supplemental record was supplied indicting that the court had orally dismissed the petition.  **See** N.T. Hearing, 6/24/21, at 4.  The original record does include a notice, dated and docketed on June 29, 2021, notifying Appellant that the court had dismissed his PCRA petition and advising him of his right to appeal within thirty days.  A certificate of service appended to the notice indicates that the order was served upon Appellant "by first class mail in accordance with Pa.R.Crim.P. 114," but not by certified mail, return receipt requested, as is required by Pa.R.Crim.P. 907(4).

The docket entry for the June 29, 2021 notice does not document service of the order by any means.

Appellant filed a notice of appeal on July 19, 2021, indicating that he was appealing from the order entered on June 24, 2021, that dismissed his PCRA petition. By order filed on July 21, 2021, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within twenty-one days. The docket entry for the order indicates no date of service. Appellant filed a timely Rule 1925(b) statement nonetheless, asserting therein: (1) that the court erred in denying the PCRA petition on the claims of ineffective assistance of counsel concerning the weight-of-the-evidence claim and sex offender registration, and (2) that the court erred in not holding a hearing on his post-sentence motion, failing to inform Appellant for the reason for the denial of sentence reconsideration, and failing to advise Appellant of his appellate rights in connection with the resentencing. *See* Statement of Matters Complained of on Appeal, 8/5/21, at 1-2. The trial court authored an opinion indicating: (1) that Appellant's remaining PCRA claims were properly dismissed because his petition was untimely as to the challenges to his verdict and sex offender registration, and (2) Appellant's claim that he was not advised of his right to appeal the denial of his post-sentence motion is belied by the record, as the June 29, 2021 notice that his PCRA petition was dismissed informed him of his appellate

rights, "which he exercised by filing the instant appeal." Trial Court Opinion, 8/24/21, at 7.

In this Court, Appellant has abandoned the errors identified in his Rule 1925(b) statement and focuses solely upon the denial of his *nunc pro tunc* motion for reconsideration of sentence, presenting the following question to this court: "Whether Appellant's sentence was unduly harsh and excessive." Appellant's brief at 7.

Before we examine the substance of Appellant's issue, we consider whether it is properly before us. The Commonwealth contends that this appeal, which taken (1) more than thirty days after the trial court denied his post-sentence motion and (2) nominally from the order dismissing his PCRA petition rather than from his judgment of sentence, is accordingly limited to issues concerning the PCRA claims dismissed by the appealed-from order. *See* Commonwealth's brief at 8-9. We disagree.

First, as detailed above, the order denying Appellant's post-sentence motion neither complied with Rule 720(B)(4)'s mandate that Appellant be advised of the time for filing an appeal, nor was entered in compliance with Rule 114(C)(2)'s directive that the date of service be entered on the docket. Therefore, this is not a late appeal from the judgment of sentence subject to quashal, because the time for Appellant to file his *nunc pro tunc* appeal following the denial of his post-sentence motion never began to run. *See Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa.Super. 2007) ("[T]he

trial court's failure to comply with Rule 720 constitutes a breakdown that excuses the untimely filing of Appellant's notice of appeal."); **Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa.Super. 2000) (considering otherwise late appeal timely where the final order was not properly docketed such that "the period for taking an appeal was never triggered").

Second, it is plain from Appellant's Rule 1925(b) statement that Appellant believed that the time had lapsed for him to file his *nunc pro tunc* direct appeal by the time he initiated the appeal *sub judice*, and that he, therefore, had to again seek reinstatement of those rights based upon the breakdown in court processes before he could challenge his sentence in this Court. It is equally clear that the trial court believed that its June 24, 2021 order constituted the final appealable order as to all issues adjudicated as a result of Appellant's PCRA petition and that the instant appeal constituted an exercise of Appellant's reinstated direct appeal rights. However, Appellant was unaware that the trial court considered itself poised to address those claims until he had filed his notice of appeal and Rule 1925(b) statement. Hence, the misidentification of the order from which Appellant appealed was but another result of the breakdown in court processes. Accordingly, for the sake of judicial economy, we shall proceed with this appeal as a *nunc pro tunc* direct appeal rather than requiring Appellant to begin the appeal process anew, which he would be entitled to do for the reasons we discussed.

Third, waiver does not result from Appellant's failure to include the sentencing issue he argues on appeal in his Rule 1925(b) statement. As we noted above, the order directing Appellant to file a statement was not properly docketed and is consequently unenforceable. *See*, *e.g.*, *Commonwealth v. Davis*, 867 A.2d 585, 588 (Pa.Super. 2005) (*en banc*) (providing waiver is inapplicable where notice of the need to file a Rule 1925(b) statement was defective). Indeed, Rule 1925(b) waiver would not apply even if Appellant filed no statement at all. Furthermore, while the trial court's Rule 1925(a) opinion for this appeal does not address the substance of Appellant's sentencing challenge, we have the benefit of both the opinion it authored in connection with the prior appeal, as well as the sentencing transcript, to explain the trial court's exercise of sentencing discretion. Therefore, we need not remand for a new Rule 1925(a) opinion.

The only remaining issues to be examined in determining whether Appellant's discretionary aspects of sentencing claim is properly before us is whether he has satisfied the requirements applicable to any appellant seeking to invoke this Court's jurisdiction to consider such claims, namely: (1) whether the specific challenges he raises were preserved in his *nunc pro tunc* post-sentence motion, (2) whether his brief contains a Pa.R.A.P. 2119(f) statement, and (3) whether he has raised a substantial question that his sentence is not appropriate under the Sentencing Code. *See*, *e.g.*, *Commonwealth v. Lucky*, 229 A.3d 657, 663-64 (Pa.Super. 2020).

Appellant's brief includes a Rule 2119(f) statement in which he contends that his sentence is "'so manifestly excessive as to constitute too severe a punishment,'" and that the court ignored significant mitigating evidence. Appellant's brief at 12 (quoting **Commonwealth v. Mouzon**, 812 A.2d 617, 627-28 (Pa. 2002)). Appellant preserved these issues in his *nunc pro tunc* post-sentence motion seeking reconsideration of his sentence. **See** Motion for Reconsideration of Sentence, 5/11/21, at 4-5. Further, we conclude that Appellant has presented a substantial question warranting our review. **See**, **e.g.**, **Commonwealth v. Derrickson**, 242 A.3d 667, 680 (Pa.Super. 2020) (finding substantial question presented by claim that the sentence was based solely on the seriousness of the crime without consideration of all relevant factors); **Commonwealth v. Malovich**, 903 A.2d 1247, 1253 (Pa.Super. 2006) (holding substantial question presented by claim that the sentence was excessive in proportion to the offenses).

Accordingly, we turn to the merits of Appellant's sentencing challenge, mindful of the applicable legal principles. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." **Commonwealth v. Edwards**, 194 A.3d 625, 637 (Pa.Super. 2018) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." **Commonwealth v. Macias**, 968 A.2d

773, 778 (Pa.Super. 2009). Hence, we review the sentencing court's sentencing determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

While its discretion is broad, "the trial court's discretion is not unfettered." *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa.Super. 2011). The sentence imposed "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa.Super. 2019) (cleaned up).

In challenging the trial court's exercise of discretion, Appellant asserts that his sentence of twenty-five to fifty years of imprisonment is egregious in that, since Appellant was fifty-two years old at the time of the original sentencing, it "amounts to be a life sentence." Appellant's brief at 16. He maintains that the trial court "ignored mitigating evidence of [his] prior record score [of zero], work history, absence of prior arrests[,] and five character witnesses[.]" *Id*. at 13. Appellant argues that this Court "should find that

there are many factors that should have held more deference in the sentencing determination, this resulting in a reduced sentence." *Id*. at 15.

Appellant has failed to convince us that the trial court abused its discretion. As Appellant concedes, "the sentence was within the guidelines." Appellant's brief at 16. As was detailed at the resentencing hearing and in the trial court's opinion, the Commonwealth advocated for an aggregate sentence of thirty to sixty years of imprisonment imposed by a combination of standard range sentences suggested by the guidelines, several of which called for a minimum sentence of six years to the statutory maximum of twenty years. *See* Trial Court Opinion, at 6; N.T. Resentencing, 8/30/18, at 24-27. The trial court opted instead to utilize standard range sentence to order an aggregate term of twenty-five to fifty years. Since a sentence within the standard range "is presumptively where a defendant should be sentenced," Appellant must establish that the standard range is unreasonable under the circumstances of this case. *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa.Super. 2009) (cleaned up).

Appellant's attacks upon the reasonableness of trial court's exercise of discretion are meritless. Appellant's claim that the trial court ignored the mitigating evidence is belied by the record. Indeed, the trial court expressly indicated at the sentencing hearing and in its opinion that it not only considered but believed the witnesses Appellant proffered at the sentencing hearings to attest to his good character. *See* Trial Court Opinion, at 5 (citing

N.T. Resentencing, 8/30/18, at 27). However, it indicated that while Appellant may have been a loving and upstanding individual in his family and work life, it was what he did "to that little child in the dark" that was at issue in the sentencing hearing. *Id*. at 5; N.T. Resentencing, 8/30/18, at 30.

What Appellant did was summarized by the Commonwealth at Appellant's sentencing rehearing as follows:

> The victim in this case, [Y.R.], testified that starting at the age of four, when she was in [Appellant]'s home while his wife babysat her, [Appellant] started touching her. That progressed to him putting his finger into her vagina.
>
> The complainant did not have a stable home life and her mom actually abandoned her with [Appellant]'s wife, who took her in and became the caregiver. As soon as that transition occurred, [Appellant] starting going into her bedroom at night, sometimes breaking the lock she would put on the door and began vaginally raping her.
>
> This continued until she was 11 years old so, . . . for about eight years, and only stopped when the complainant started with her menstrual cycle. However, the abuse did not stop there. He continued to talk to her in a sexual manner.
>
> . . . [Appellant's family] have described him as someone who was a man of God, family oriented and very affectionate, and that is facts that we heard from [Y.R.] at the trial, except he used all of those things, that persona that he held out to everyone else besides [Y.R.], against her. Because there was testimony that he used his religion, her religion, his size and position of authority to shame her into silence. It wasn't until he got drunk one night and kind of apologized for what he did to her when she was 16 years old that she was able to go ahead and tell someone what happened to her.

N.T. Resentencing, 8/30/18, at 20-22.

Appellant exercised his right to allocution to protest his innocence and assert that he was the victim of a plot concocted by his wife and her family as a result of his desire to divorce her. *Id*. at 15-18. While Appellant's counsel indicated that Appellant "respect[ed] the [c]ourt's decision" despite maintaining his innocence, Appellant did not demonstrate respect in his rearguing the evidence, interrupting with a denial, and indication that he would refuse to sign any acknowledgment of his sex offender registration responsibilities. *Id*. at 7, 28, 33. The trial court found Appellant's performance, both in the initial proceedings and at the resentencing three years later, to be "striking," in "that there's absolutely no recognition of the complainant at all in terms of her pain and suffering, no remorse, nothing; just arrogance. And that arrogance, I might add, continues today, no remorse continues today." *Id*. at 28-29.

Thus, the trial court plainly considered Appellant's mitigating evidence, it just did not deem it to be as weighty as Appellant would have liked. Appellant's request that this Court should conduct our own evaluation of the factors to conclude "that there are many factors that should have held more deference in the sentencing determination," is plainly contrary to our standard of review. *See Macias*, *supra* at 778 ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.").

From the above it is clear that while Appellant's aggregate sentence may amount to a life sentence, he has not established "that the sentencing court

ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Antidormi*, *supra* at 760. Consequently, we affirm his judgment of sentence. *Accord Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011) (affirming aggregate sentence of 633 to 1,500 years of imprisonment imposed upon convictions related to the defendant's sexual abuse of his stepdaughter over a six-year period).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2022