J-S29026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY L. MATKOSKEY | : | |
| | : | |
| Appellant | : | No. 1361 WDA 2021 |

Appeal from the PCRA Order Entered October 26, 2021
In the Court of Common Pleas of Somerset County
Criminal Division at CP-56-SA-0000048-2019

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                           **OCTOBER 21, 2022**

Jeffrey L. Matkoskey (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-9546.  We dismiss the appeal.

In August 2019, a magisterial district judge found Appellant guilty of the summary offense of driving while operating privilege is suspended or revoked, 75 Pa.C.S.A. § 1543(a).  Appellant's *de novo* appeal was unsuccessful.  On December 20, 2019, the trial court sentenced Appellant to the statutory mandatory minimum sentence of 90 days in prison, plus a $1,000 fine.  **See** **id.** § 1543(b)(1)(ii) (penalty for second offenses).

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's prior counsel filed a notice of appeal from the judgment of sentence, followed by a court-ordered Pa.R.A.P. 1925(b) statement. Prior counsel, however, failed to file a brief.[1] Thus, we dismissed the appeal. **See** Order, 10/19/20 (No. 114 WDA 2020).

On September 27, 2021, Appellant timely filed a first, *pro se* PCRA petition, claiming prior counsel's ineffectiveness resulted in the dismissal of Appellant's direct appeal. On October 5, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The court stated, the "reason for the dismissal is [Appellant] is not currently serving a sentence of imprisonment, probation or parole for this crime. **See**[] 42 Pa.C.S.A. § 9543(a)(1)(i)." Notice of Intent to Dismiss, 10/5/21. Appellant filed a *pro se* response on October 21, 2021. Five days later, the PCRA court dismissed Appellant's petition without a hearing. Appellant timely filed a *pro se* notice of appeal.

The PCRA court, pursuant to Pa.R.A.P. 1925(b), issued an order and an amended order, on November 15 and 19, 2021, respectively, directing Appellant to file a Rule 1925(b) statement. Although Appellant never complied, our review discloses a breakdown in the PCRA court's operation. Appellant, who is indigent, was not represented by counsel when the court

---

[1] The PCRA court, on July 15, 2020, granted prior counsel's motion to withdraw from representing Appellant.

directed compliance with Rule 1925(b).[2]  **See** Pa.R.Crim.P. 904(C), (F)(2) (an indigent PCRA petitioner must be appointed counsel to represent the petitioner on a first petition; "**the appointment of counsel shall be effective throughout post-conviction collateral proceedings**…." (emphasis added)); **Commonwealth v. Albrecht**, 720 A.2d 693, 699 (Pa. 1998) (an unrepresented, indigent petitioner has a right to court-appointed counsel in connection with a first PCRA petition).  Accordingly, we will not penalize Appellant for his failure to comply with Rule 1925(b).  **See**, **e.g.**, **Commonwealth v. Leatherby**, 116 A.3d 73, 79 (Pa. Super. 2015) (an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court."); **see also Commonwealth v. Davis**, 867 A.2d 585, 588 (Pa. Super. 2005) (*en banc*).

Appellant presents a single issue for our review:

Whether the Trial Court erred in denying [Appellant's] Motion for Post Collateral Relief regarding a claim for ineffective assistance of counsel when prior counsel filed an appeal to this Court and failed to file a brief which led to the appeal being dismissed?

Appellant's Brief at 4 (unnumbered).

---

[2] Although Appellant was not represented at the time, he previously was represented by several counsel, each of whom was granted leave to withdraw. Appellant is counseled in this appeal, and appellate counsel has filed a merits brief.  **See** PCRA Court Order, 3/30/22 (appointing appellate counsel). Appellate counsel does not challenge Appellant's lack of representation during the PCRA proceedings.

Before addressing Appellant's issue, we determine whether we have jurisdiction. Section 9543 of the PCRA provides that to be eligible for relief, a petitioner "must plead and prove by a preponderance of the evidence ... [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted, **currently serving** a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). "Our Supreme Court has consistently interpreted this language to **bar PCRA relief from those who are not serving a sentence**." *Commonwealth v. Volk*, 138 A.3d 659, 661 (Pa. Super. 2016) (emphasis added).

The record confirms that Appellant has completed his sentence. *See* Notice of Intent to Dismiss, 10/5/21, *supra* (observing Appellant is not currently serving a sentence). As stated above, on December 20, 2019, the trial court sentenced Appellant to 90 days in prison, to commence that day. Appellant completed his sentence on March 18, 2020. Therefore, Appellant was ineligible for relief when he filed his PCRA petition in September 2021. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (petitioner's "PCRA petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief, and, thus, both the PCRA court and the Superior Court lacked jurisdiction to entertain the petition.").

Finally, there is no merit to Appellant's claim that we have jurisdiction under section 9543(a)(1)(i), where "he is serving a suspension of his driver's license which he views as a penalty or sentence due to this crime." Appellant's Brief at 5 (unnumbered). "[T]he PCRA precludes relief for those petitioners whose sentences have expired, **regardless of the collateral consequences of their sentence**." *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) (emphasis added; citation omitted). Indeed, in *Commonwealth v. Ahlborn*, 699 A.2d 718 (Pa. 1997), our Supreme Court rejected the PCRA petitioner's claim that section 9543(a)(1)(i) permitted relief, where petitioner's driver's license was suspended in connection with his sentence. *Id.* at 720 ("To grant relief at a time when appellant is **not** currently serving [] a sentence would be to ignore the language of the statute." (emphasis in original)).

Accordingly, we dismiss Appellant's appeal.

Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2022