J-A09045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIQUE CURTIS KITCHEN | : | |
| | : | |
| Appellant | : | No. 1235 WDA 2024 |

Appeal from the PCRA Order Entered August 16, 2024
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000448-2021

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED:  May 22, 2025**

Dominique Curtis Kitchen ("Kitchen") appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We dismiss the appeal.

Given our disposition, a detailed factual and procedural recitation is unnecessary.  Briefly, in 2020, police officers observed Kitchen in his vehicle conducting what the officers suspected was a drug transaction while parked in front of a residence.  When Kitchen pulled away from the residence, the officers followed.  The officers noticed that Kitchen's vehicle had inoperable rear side and brake lights.  When the officers attempted to conduct a traffic stop, Kitchen initially pulled over, but then took off, resulting in a high-speed

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

chase through numerous streets. During the pursuit, Kitchen failed to stop at ten stop signs, drove on the wrong side of the street, and then violently crashed into a vehicle, causing the death of the driver. Police arrested Kitchen and charged him with thirty-four offenses. In 2022, Kitchen entered a guilty plea to third-degree murder, homicide by vehicle, homicide by vehicle while driving under the influence ("DUI") of controlled substances, fleeing an accident involving death, fleeing or attempting to elude a police officer, DUI - controlled substances, possession with the intent to deliver ("PWID"), and numerous other crimes. The trial court imposed an initial sentence of twenty- to forty years in prison for third-degree murder, followed by three to six years in prison for homicide by vehicle, followed by fifteen to thirty months in prison for PWID. The court thereafter entered an amended sentencing order on December 16, 2022, in which it amended the sentence for homicide by vehicle to run concurrently to the sentence for third-degree murder. Kitchen did not file either a post-sentence motion or a direct appeal.

Kitchen filed the instant timely *pro se* PCRA petition on October 25, 2023.[2] The PCRA court appointed counsel who filed a motion to withdraw and

---

[2] Under the PCRA, a petition must be filed within one year of the date on which the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the United States Supreme Court, or at the expiration of time for seeking such review. **See** 42 Pa.C.S.A. § 9545(b)(3). As indicated above, Kitchen did not file either a post-sentence motion or a direct appeal. As such, his judgment
*(Footnote Continued Next Page)*

a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted the motion to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Kitchen filed a *pro se* response to the notice. The PCRA court thereafter issued an order dismissing the petition on August 16, 2024. Kitchen filed a timely notice of appeal.[3] The PCRA court thereafter ordered him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4]

_____

of sentence became final thirty days later, on January 16, 2023. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 1113(a) (providing a petition for allowance of appeal shall be filed within thirty days after the entry of the order of the Superior Court). As a result, Kitchen had one year from that date, until January 16, 2024, to timely file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). As the instant petition was filed on October 25, 2023, it is timely.

[3] The certified record reflects that, on September 12, 2024, Kitchen mailed his notice of appeal to this Court. As Kitchen was required to file his notice of appeal in the PCRA court, this Court forwarded the notice of appeal to the PCRA court for docketing. As the postmark on Kitchen's prison envelope reflects that he mailed the notice of appeal within thirty days of the entry of the order dismissing the petition, we regard the notice of appeal as timely filed pursuant to the prisoner mailbox rule. **See Commonwealth v. Castro**, 766 A.2d 1283, 1287 (Pa. Super. 2001) (explaining that the prisoner mailbox rule extends to PCRA proceedings and provides that the date of delivery of the mailing by the defendant to the proper prison authority or to a prison mailbox is considered the date of filing of the petition); **see also** Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within thirty days of the entry of the order from which the appeal is taken).

[4] Our review of the Rule 1925(b) order indicates that the order appears to be compliant with the content requirements of Rule 1925(b)(3). **See** Pa.R.A.P. 1925(b)(3)(i)-(iv). However, the docket does not reflect the date or manner of service of the order on Kitchen. **See** Pa.R.Crim.P. 114(C)(2) (providing
*(Footnote Continued Next Page)*

- 3 -

Kitchen did not comply with that order. In its Rule 1925(a) opinion, the PCRA court concluded that all issues on appeal were waived due to Kitchen's failure to file a concise statement. In this Court, Kitchen filed a *pro se* "brief" which consists of slightly more than a single handwritten page.

Preliminarily, we must determine whether Kitchen preserved his issues for our review. An appellate brief must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101 (requiring conformity with the Rules of Appellate Procedure). It is an appellant's duty to present arguments that are sufficiently developed for our review, and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007). Where briefing defects inhibit our review, we may dismiss the appeal. **See** Pa.R.A.P. 2101.

Here, Kitchen's brief does not conform to any of our appellate rules regarding format and content of the appellant's brief. Specifically, his brief

---

that all orders and court notices must be docketed, and the docket must contain the date the clerk received the order, the date of the order, and the date and manner of service of the order or court notice); **see also Commonwealth v. Davis**, 867 A.2d 585, 586 (Pa. Super. 2005) (*en banc*) (noting that the comment to Rule 114(C)(2) suggests that the notice and recording procedures are mandatory and not modifiable). Instead, the order itself reflects the date and manner of service on Kitchen; namely, that the order was sent to Kitchen by regular mail on October 21, 2024. **See** Order, 10/18/24. Given that the docket does not reflect the date and manner of service on Kitchen, we decline to find that his failure to file a concise statement results in waiver of his issues.

does not include a statement of jurisdiction, it does not identify the order from which he appeals, it does not include a statement of questions presented, it does not provide a statement of the case, a summary of the argument, or any discernable argument. **See** Pa.R.A.P. 2111 (brief of the appellant), 2114 (statement of jurisdiction), 2115 (order or other determination in question), 2116 (statement of the questions involved), 2117 (statement of the case), 2118 (summary of the argument), and 2119 (argument). As these extensive briefing defects inhibit our merits review, we dismiss the appeal.[5]

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/22/2025

---

[5] While a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not confer any advantage upon a party. **See Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014). Thus, although the courts may liberally construe materials filed by a *pro se* litigant, a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading. **See id**.