J-A09044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SANURA JOHNSON | : | |
| | : | |
| Appellant | : | No. 740 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 10, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000464-2024

BEFORE: KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: May 22, 2025**

Sanura Johnson ("Johnson") appeals *pro se* from the judgment of sentence imposed following her conviction for two counts of truancy for permitting her children to violate compulsory school attendance requirements.[1] We dismiss the appeal.

Given our disposition, a detailed factual and procedural recitation is unnecessary. Briefly, Johnson is the parent of two minor children who missed numerous days of school, resulting in the filing of a private criminal complaint for truancy. On March 21, 2024, the magisterial district court found Johnson guilty of two counts of truancy. Johnson timely filed a summary appeal of her convictions to the court of common pleas. The trial court scheduled the matter for a hearing on June 10, 2024. On that date, the Commonwealth and its

---

[1] *See* 24 P.S. § 13-1333.2.

witness appeared for the hearing. However, Johnson failed to appear. Accordingly, the trial court dismissed Johnson's summary appeal, affirmed the judgment of the magisterial district court, and imposed a fine of $600 plus court costs. Johnson filed a timely notice of appeal. The trial court thereafter ordered her to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Johnson did not comply with that order. In its Rule 1925(a) opinion, the trial court concluded that all issues on appeal were waived due to Johnson's failure to file a concise statement.[2] In this Court, Johnson filed a *pro se* "brief," consisting of a single handwritten page.

Preliminarily, we must determine whether Johnson preserved her issues for our review. An appellate brief must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101 (requiring conformity with the Rules of

_____

[2] Our review of the Rule 1925(b) order indicates that the order appears to be compliant with the content requirements of Rule 1925(b)(3). **See** Pa.R.A.P. 1925(b)(3)(i)-(iv). However, the docket does not reflect the date or manner of service of the order on Johnson. **See** Pa.R.Crim.P. 114(C)(2) (providing that all orders and court notices must be docketed, and the docket must contain the date the clerk received the order, the date of the order, and the date and manner of service of the order or court notice); **see also Commonwealth v. Davis**, 867 A.2d 585, 586 (Pa. Super. 2005) (*en banc*) (noting that the comment to Rule 114(C)(2) suggests that the notice and recording procedures are mandatory and not modifiable). Instead, the order itself reflects the date and manner of service on Johnson; namely, that the order was sent to Johnson by first class mail on July 10, 2024. **See** Order, 7/12/24. Given that the docket does not reflect the date and manner of service on Johnson, we decline to find that her failure to file a concise statement results in waiver of her issues.

Appellate Procedure). It is an appellant's duty to present arguments that are sufficiently developed for our review, and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). Where briefing defects inhibit our review, we may dismiss the appeal. ***See*** Pa.R.A.P. 2101.

Here, Johnson's *pro se* brief does not conform to any of our appellate rules regarding the format and content of the appellant's brief. Specifically, her brief does not include a statement of jurisdiction, it does not identify the order from which she appeals, it does not include a statement of questions presented, it does not provide a statement of the case, a summary of the argument, or any discernable argument. ***See*** Pa.R.A.P. 2111 (brief of the appellant), 2114 (statement of jurisdiction), 2115 (order or other determination in question), 2116 (statement of the questions involved), 2117 (statement of the case), 2118 (summary of the argument), and 2119 (argument). As these extensive briefing defects inhibit our merits review, we dismiss the appeal.[3]

Appeal dismissed.

---

[3] While a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not confer any advantage upon a party. ***See Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014). Thus, although the courts may liberally construe materials filed by a *pro se* litigant, a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading. ***See id***.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  5/22/2025