J-S22019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL BENITO ROBERT HERNANDEZ | : | |
| | : | |
| | : | No. 1338 MDA 2024 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 15, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-SA-0000161-2024

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                **FILED: AUGUST 21, 2025**

Gabriel Benito Robert Hernandez appeals *pro se* from the judgment of sentence of a $100 fine, plus costs and fees, imposed after the court convicted him at a *de novo* trial of the summary offense of operating a vehicle with a suspended registration. We remand with instructions.

The following abridged case history is sufficient for this memorandum. Officer Justin Schlottman of the Robeson Township Police Department stopped Appellant in Bucks County upon discerning that his vehicle registration was suspended due to unpaid Pennsylvania Turnpike tolls. Officer Schlottman seized Appellant's registration plate and allowed him to have a friend pick up the vehicle rather than having it towed. Officer Schlottman subsequently filed

_____

[*] Former Justice specially assigned to the Superior Court.

a citation for operating a vehicle with a suspended registration, which was mailed to Appellant. He was convicted of the summary offense by the magisterial district judge and appealed to the common pleas court, which also found him guilty and imposed the sentence indicated above.

Appellant timely appealed. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but he did not comply. The trial court authored a statement opining that Appellant waived all issues on appeal as a result.

In this Court, Appellant filed a slew of applications for relief, all of which were denied before the case was assigned to the instant merits panel. Of note, among Appellant's filings were a Rule 1925(b) statement listing ten claims of error and a motion for the statement to be accepted *nunc pro tunc* because he never received or had knowledge of the court's Rule 1925(b) order.

In his brief, Appellant lists seventeen issues in his statement of questions presented, and his argument portion of his brief is divided into ten sections. The Commonwealth advocates for Rule 1925(b) waiver as to all of them, with an additional suggestion that most of the seventeen matters were not presented in the trial court and thus are waived in accordance with Pa.R.A.P. 302(a). To this, Appellant responds that five of the errors were specifically raised at the *de novo* trial, and that his failure to preserve the remaining issues was "a direct consequence of discriminatory practices" in

- 2 -

violation of the Americans with Disabilities Act ("ADA"), namely the court's "refusal to accommodate Appellant's need for written support materials and access to legal filings[.]"  Appellant's reply brief at 2 (pagination supplied).

Pursuant to Rule 1925(b)(4)(vii), issues not raised in a properly filed statement are waived.  However, for Rule 1925's waiver provision to apply, the trial court's order must comply with Rule 1925(b)(3).  ***See***, ***e.g.***, ***Commonwealth v. Jones***, 193 A.3d 957, 962 (Pa.Super. 2018).  Further, "[Pa.R.Crim.P.] 114(C)(2) provides that all orders and court notices must be docketed, and the docket must contain the date the clerk received the order, the date of the order, and the date and manner of service of the order or court notice." ***Commonwealth v. Davis***, 867 A.2d 585, 586 (Pa.Super. 2005) (*en banc*).

The trial court indicated that, after reviewing the docket entries, it was "satisfied that Appellant [was] served with its September 17, 2024 [o]rder" directing him to file a concise statement.  ***See*** Statement in Lieu of Opinion, 12/24/24, at 2.  We cannot agree with that assessment.  The docket sheet contained in the certified record reveals that the court's 1925(b) order was filed on September 17, 2024, and the following day served by eService only upon the Berks County District Attorney's Office and Colleen Dugan Schearer, the ADA who represented the Commonwealth at the *de novo* trial.  The docket contains no notation that the order was served upon Appellant, let alone when or in what manner.  Consequently, although the court's order complied with

Rule 1925(b)(3), it was never properly entered and Appellant cannot be penalized for failing to comply with it. ***See***, ***e.g.***, ***Commonwealth v. Chester***, 163 A.3d 470, 472 (Pa.Super. 2017) ("Based upon the lack of recordation in the docket, we are unable to determine the date of service of the Order, as required under Criminal Rule 114, and cannot conclude that Chester failed to comply with the PCRA court's directive to file a concise statement.").

For these reasons, this Court initially ordered that the case be remanded for the trial court to restart the Rule 1925 process. ***Accord Davis***, 867 A.2d at 588 (remanding for a new Rule 1925(b) order to be properly docketed and served, a new 1925(b) statement, and a new Rule 1925(a) opinion). However, Appellant asked us to reconsider our mandate and instead proceed with the Rule 1925(b) statement he submitted to the trial court on May 12, 2025, which was docked on May 19, 2025. We granted that request insofar as we vacated our prior memorandum and order and have substituted the instant memorandum decision.

However, we decline to accept Appellant's further suggestion that we proceed directly to examining the merits of his contentions based upon the briefs before us rather than permit further filings from the trial court or the Commonwealth. Given Appellant's assertions about ADA violations and omissions of material from the certified record, we find it inappropriate to decide whether Rule 302(a) waiver applies to any of his issues absent any

input from the trial court on those matters. Additionally, we will not fault the Commonwealth for not addressing in its initial brief the propriety of the trial court's rulings when the trial court had not explained its reasoning for them.

Accordingly, we remand this case for the trial court to, within thirty days, supply a Rule 1925(a) opinion advising this Court of its position on the issues raised by Appellant. Once that has been transmitted to the parties and this Court, the Superior Court prothonotary shall promptly issue a new briefing schedule.[1]

Case remanded with instructions. Panel jurisdiction retained.

---

[1] We caution Appellant that, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa.Super. 2017). "A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa.Super. 2021) (cleaned up). In preparing his new brief, we emphasize that Appellant must follow the dictates of Pa.R.A.P. 2117(c) (requiring that, within the statement of the case, the appellant shall state when and how the issues were raised in the trial court, and the way the court ruled upon them, with specific references to the record), along with Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]") and (e) (statement of place of raising or preservation of issues). Failure to do so may result in this Court finding waiver or dismissing the appeal. **See** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed").