J-A03010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN LEANEIL DANIELS | : | |
| | : | |
| Appellant | : | No. 451 WDA 2023 |

Appeal from the PCRA Order Entered April 5, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011757-2017

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.: **FILED: February 9, 2024**

Shawn Leaneil Daniels appeals *pro se* from the order that dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

This Court has offered the following brief summary of this case:

> On March 5, 2018, Appellant entered a negotiated guilty plea to aggravated indecent assault of a child and indecent assault of a person less than thirteen years of age.  Appellant did not file a direct appeal.  Thus, his sentence became final on April 4, 2018.  **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").

> Since his conviction in 2018, Appellant has filed numerous petitions seeking relief pursuant to the PCRA, none of which garnered him relief.

*Commonwealth v. Daniels*, 270 A.3d 1137 (Pa.Super. 2021) (non-precedential decision at 1-2).

On March 8, 2023, Appellant filed the petition at issue in the instant appeal, which is at least his twelfth. *See* Trial Court Opinion, 6/26/23, at 3; Commonwealth brief at 9. In either event, Appellant in this latest petition checked the box indicating that he was raising a claim of trial counsel ineffectiveness, but also included some suggestion that he contended that his lifetime sexual offender registration requirement was illegal. Appellant invoked two timeliness exceptions for the petition: (1) the newly discovered facts contained in the affidavit of Joyce Daniels; and (2) a newly-recognized, retroactively-applicable constitutional right based upon our Supreme Court's decisions in *Commonwealth v. Hill*, 238 A.3d 399, 409 (Pa. 2020) (holding that a double jeopardy challenge to imposition of a second sentence was a non-waivable challenge to the legality of the sentence), and *Commonwealth v. Ford*, 217 A.3d 824, 831 (Pa. 2019) (holding sentence was illegal where a fine was imposed pursuant to negotiated guilty plea without record evidence of the defendant's ability to pay). *See* PCRA Petition, 3/24/23, at 4.

Buried within the filing was a motion for recusal of the PCRA judge, alleging the judge had publicly expressed that all criminals should receive maximum sentences and had at some point exhibited bias against Appellant, whose appeal of a prior ruling by the same judge purportedly resulted in discharge. *Id*. at unnumbered 9. As exhibits to the recusal motion, Appellant

attached documents from his child custody case in which a conviction and sentence for indirect criminal contempt ("ICC") that was imposed by the PCRA judge based upon his violation of a protection from abuse order was vacated on appeal because the court erroneously applied the incorrect burden of proof.[1] *See Tyusbey v. Daniels*, 60 A.3d 863 (Pa.Super. 2012) (unpublished memorandum at 8-9).

The PCRA court issued notice of its intent to dismiss the petition as untimely with no applicable exceptions and advised Appellant of the right to respond within twenty days. *See* Order, 3/9/23 (incorrectly docketed as an order dismissing the petition). Appellant did not timely respond. On April 5, 2023, Appellant re-filed the same recusal motion and the PCRA court dismissed the petition as untimely. Appellant then filed a timely notice of appeal. The PCRA court ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and he timely complied.

On appeal, Appellant presents the following question: "Did the court below err as a matter of law when it determined Appellant's actual innocence claims lacked arguable merit contrary to an unreasonable application of clearly established federal law as determined by the United States Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013)?" Appellant's brief at 4

---

[1] The family court public docket indicates that the ICC charge in question was dismissed in 2013 after this Court's remand.

(unnecessary capitalization omitted, spelling corrected, format of internal citation modified).

We begin with a review of the governing law. "In general, we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled "that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief." ***Commonwealth v. Fantauzzi***, 275 A.3d 986, 994 (Pa.Super. 2022). The PCRA provides as follows, in pertinent part, regarding the time for filing a petition:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, a petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Finally, "[a]sserted exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal." *Commonwealth v. Larkin*, 235 A.3d 350, 356 (Pa.Super. 2020) (*en banc*).

As noted above, Appellant's judgment of sentence became final in 2018. The instant petition was filed nearly five years later. Accordingly, in order for any court to have jurisdiction to entertain his substantive claims, one of the exceptions must be satisfied. As is also noted *supra*, in this Court Appellant appears to rely upon the U.S. Supreme Court's decision in *McQuiggin* to justify review of the substance of his petition.[2] *See* Appellant's brief at 4.

---

[2] Appellant's stated question is also not included in his Pa.R.A.P. 1925(b) statement. However, since the PCRA court's order incorrectly informed Appellant that failure to comply with the order "may" result in waiver rather than advising him that waiver "shall" result, and because service of the order upon Appellant is not noted on the docket, Rule 1925(b) waiver does not pertain. *See*, *e.g.*, *Commonwealth v. Davis*, 867 A.2d 585, 588 (Pa.Super. 2005) (*en banc*) (holding waiver did not apply where it was "clear the clerk did not comply with the mandatory requirements of Pa.R.Crim.P. 114"); *Commonwealth v. Jones*, 193 A.3d 957, 962 (Pa.Super. 2018) (deeming waiver inapplicable where the order provided "that failure to comply 'may be considered' waiver" instead of advising the appellant that waiver "shall" result).

Appellant's reference to *McQuiggin* is ineffectual. First, he did not invoke it in his petition and therefore cannot rely upon it now. *See Larkin*, *supra* at 356. Second, *McQuiggin*'s holding that a claim of actual innocence may overcome the statute of limitations for federal *habeas corpus* actions has no bearing upon our application of the PCRA's timeliness provisions. *See Commonwealth v. Brown*, 143 A.3d 418, 420–21 (Pa.Super. 2016) ("While *McQuiggin* represents a further development in federal *habeas corpus* law, . . . this change in federal law is irrelevant to the time restrictions of our PCRA."). It remains the law of Pennsylvania that a claim of actual innocence cannot overcome the PCRA's one-year time bar. *Id*. Third, Appellant waived any *McQuiggin* issue by failing to invoke the 2013 decision in any of his prior PCRA proceedings, all of which were commenced after *McQuiggin* was decided. *See* 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Nor did the exceptions that Appellant pled in his petition confer jurisdiction upon the PCRA court. Neither the *Hill* nor *Ford* decision announced a new rule of law, let alone one held by the High Court to apply retroactively on collateral review. Rather, as we explained in our memorandum affirming the dismissal of one of Appellant's earlier untimely PCRA petitions:

> [E]ven though a defendant cannot waive a legality of sentence issue, we do not have jurisdiction to review the legality of a

- 6 -

> sentence in a PCRA petition unless the petitioner can establish that the PCRA grants the court the authority to exercise jurisdiction over the legality of sentence issue. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007); **see** 42 Pa.C.S. § 9545(b); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." (citation omitted)).

**Commonwealth v. Daniels**, 225 A.3d 1173 (Pa.Super. 2019) (non-precedential decision at 4).

As for the newly-discovered facts exception, Appellant proffered a new affidavit from one of the witnesses identified in a previous petition, indicating that she had some new hearsay evidence pointing to the same supposed actual culprit that Appellant implicated in earlier PCRA proceedings. In particular, Appellant indicated that Ms. Daniels sent him a letter on an undisclosed date telling him to call her and that he did so at some unidentified point in time and she shared the information. **See** PCRA Petition, 3/24/23, at 4. In the attached affidavit, dated February 14, 2023, Ms. Daniels recounted that she ran into Appellant's child victims and their mother on some unnamed date, at which time everyone said that Appellant did not commit the crimes, but some person named Michael did. **Id**. at unnumbered 5.

From this, there is no indication exactly which facts were new or when Appellant learned them. Rather, this appears to be a new source for previously known facts that, as the Commonwealth observes, were the basis for "recycled claims that he has repeatedly raised in previously filed petitions." Commonwealth's brief at 13. **See**, **e.g.**, PCRA Petition, 6/7/22, at

unnumbered 4 (affidavit of Ms. Daniels detailing that "Michael," the boyfriend of the victims' grandmother, was the one who assaulted the children). Such cannot satisfy the newly-discovered-facts exception. ***See***, ***e.g.***, ***Commonwealth v. Myers***, 303 A.3d 118, 121 (Pa.Super. 2023) ("The focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.") (cleaned up). Moreover, as the PCRA court aptly noted, "Appellant again has failed to explain the delay in obtaining this purported evidence or describe the due diligence undertaken to do so." PCRA Court Opinion, 6/26/23, at 5. Accordingly, we discern no error in the PCRA court's dismissal of the instant PCRA petition as untimely.

Finally, to the extent that Appellant asserts on appeal his complaint that the PCRA court did not grant his recusal motion, we observe that "recusal requests must be timely made." ***Commonwealth v. Blount***, 207 A.3d 925, 930 (Pa.Super. 2019). As we have stated:

> The law is clear. In this Commonwealth, a party must seek recusal of a jurist at the earliest possible moment, *i.e.*, when the party knows of the facts that form the basis for a motion to recuse. If the party fails to present a motion to recuse at that time, then the party's recusal issue is time-barred and waived.

***Id***. at 931 (cleaned up). Appellant does not indicate when he learned of the PCRA judge's alleged comments about severe sentencing, but obviously he knew of her 2011 ruling in his child support case before the instant aggravated

- 8 -

indecent assault action was even commenced against him in 2017. Thus, it is plain that the motion is untimely and unavailing.[3]

Order affirmed.[4]

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/09/2024

---

[3] It also appears that the identical recusal motion was filed and denied in connection with one of Appellant's many prior PCRA petitions. However, given our disposition of the issue above, we need not untangle the web of Appellant's prolix filings.

[4] On November 27, 2023, Appellant filed in this Court an application for post-submission communication detailing that his family had been in touch with the United States Justice Department, and the staff told them that there is clear evidence in the plea transcript that he was coerced into pleading guilty and is actually innocent. On November 30, 2023, he filed an application for us to treat the November 27th filing as a supplement to his reply brief. As Appellant's attempt to supplement the appellate record with this document containing double hearsay is wholly inappropriate, both applications are hereby denied.