**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID LEMONT WHITE | : | |
| | : | |
| Appellant | : | No. 1044 MDA 2025 |

Appeal from the PCRA Order Entered July 1, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001988-2008

BEFORE: DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY BECK, J.:                     **FILED: APRIL 9, 2026**

David Lemont White ("White") appeals pro se from the order entered by the Berks County Court of Common Pleas dismissing his motion for modification of an illegal sentence, which the court below properly treated as a serial, untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   Because White failed to establish an exception to the statutory time-bar, we affirm.

On February 24, 2008, White, Tiona Marshall ("Marshall"), Thomas Perez, Dayon McCracken ("McCracken") and others conspired to rob and assault Devon Lonon ("Lonon").  The plan involved Marshall inviting Lonon to her home and White robbing him.  White and McCracken encountered Lonon

---

[1] 42 Pa.C.S. §§ 9541-9546.

on his way to see Marshall. White asked Lonon if he had any marijuana; Lonon stated he did not. White then pulled out a gun and told Lonon to empty his pockets. Lonon complied with White's demand. When White instructed Lonon to take off his coat, Lonon laughed. In response, White shot and killed him. Police arrested White and the Commonwealth charged him with numerous crimes.

Following a jury trial in July 2009, the jury found White guilty of one count each of first-degree murder, second-degree murder, third-degree murder, aggravated assault, robbery, firearms not to be carried without a license, conspiracy, and possessing an instrument of crime. Of particular relevance here, the trial court sentenced White to concurrent terms of life imprisonment for the first- and second-degree murder convictions, as well as concurrent terms of imprisonment for the other convictions.

On August 16, 2010, this Court affirmed White's judgment of sentence. *See Commonwealth v. White*, 1835 MDA 2009 (Pa. Super. Aug. 16, 2010) (non-precedential decision). White did not file a petition for allowance of appeal in our Supreme Court.

On September 21, 2011, White filed a timely, counseled PCRA petition. The PCRA court entered an order dismissing White's first PCRA petition and this Court affirmed. *See Commonwealth v. White*, 2068 MDA 2012 (Pa. Super. Sept. 24, 2013) (non-precedential decision).

On March 15, 2016, White filed a second PCRA petition in which he specifically challenged the legality of his sentence pursuant to *Miller v. Alabama*, 567 U.S. 460, 478 (2012) (holding that a sentencing scheme mandating the imposition of a sentence of life in prison without parole upon a juvenile offender violates the Eighth Amendment), and *Montgomery v. Louisiana*, 577 U.S. 190, 212 (2016) (concluding that *Miller* announced a substantive rule of constitutional law that applies retroactively), despite the fact he was over eighteen years old at the time of the murder. The PCRA court appointed counsel to represent White. Counsel sought to withdraw from representation, which the PCRA court granted and filed a notice of its intent to dismiss the petition without a hearing. Thereafter, the PCRA court dismissed White's second PCRA petition; he did not seek appellate review.

On May 19, 2025, White filed pro se a document entitled "Motion/Petition for Modification of Illegal sentence and Errors in the Record Under Pa. Const. Stat. § 5505 which in the Criminal Context Courts Retain Inherent Power to Modify a Sentence Order to Amend Records and Alter Final Judgments Beyond 30 Days. Petition for Writ of Habeas Corpus for Relief Pursuant to Pa.C.S. § 6501-6505."[2] Therein, White contended that his sentences for first-, second-, and third-degree murder were illegal as he

---

[2] For reasons unknown, the trial court docketed the motion on both May 19, 2025, and May 20, 2025. As this does not impact our review or determination, we need not resolve the precise date of filing.

- 3 -

received multiple punishments for the murder of one victim; his sentences and convictions are unconstitutional; and he remains unlawfully detained. The PCRA court treated this motion as White's third PCRA petition and issued notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. White filed a response. Ultimately, the PCRA court dismissed the petition.

White filed a timely appeal. On August 26, 2025, the PCRA court ordered White to file a concise statement of errors complained of on appeal, no later than twenty-one days after the entry of the order in accordance with Pa.R.A.P. 1925(b). White did not file a Rule 1925(b) statement.

In his brief before this Court, White presents the following issues for our review:

1. Did the [PCRA] court judge err when he overlooked and failed to address [White's] motion/petition for modification of his illegal sentence under Pa. Const. Stat[.] § 5505, which gave him the inherent power to modify [White's] unconstitutional 'multiple punishments' for one victim and double jeopardy violations, after 30 days of the final judgment?

2. Did the [PCRA] court judge err when he failed to grant [White's] state habeas relief under 42 Pa.C.S. § 6501-6505, and bring [White] before the court so [White] could answer and show cause concerning [his] unlawful detention for multiple punishments i.e., [s]entences and convictions?

White's Brief at 4 (unnecessary capitalization omitted).

Prior to reviewing the claims raised, we must first determine whether, as the Commonwealth argues, White waived his claims for failing to file a Rule 1925(b) concise statement as ordered by the PCRA court. **See** Commonwealth's Brief at 7-10.

- 4 -

"[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925.  Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."  **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (citation and brackets omitted).  "This Court has emphasized that Rule 1925(b) is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal."  **Commonwealth v. Snyder**, 316 A.3d 178, 181 (Pa. Super. 2024) (cleaned up).  Where, as here, the appellant is not represented by counsel, "under Pennsylvania law, pro se defendants are subject to the same rules of procedure as are represented defendants."  **Id.**

The Pennsylvania Rules of Criminal Procedure require the trial court to provide notice of the Rule 1925(b) order.  **Commonwealth v. Davis**, 867 A.2d 585, 588 (Pa. Super. 2005) (en banc).  The entry of an order in a criminal case generally occurs on the day the clerk of the trial court "mails or delivers copies of the order to the parties[.]"  Pa.R.A.P. 108(a)(1), (d)(1).  The trial court is required to promptly serve a copy of the order "on each party's attorney, or the party if unrepresented" and record the date of service on the docket.  Pa.R.Crim.P. 114(B)(1), (C)(2)(c).

Our review of the docket in this matter shows no indication that White, who was unrepresented below and at the time of appeal, was given notice of

the Rule 1925(b) concise statement order. Instead, the docket reflects that electronic service of notice was sent to Attorney Eric E. Winter, who previously served as counsel for White. Thus, the trial court's failure to properly provide White notice of the order prevents a finding of waiver. *See Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006) (concluding that where appellant was not properly served "a copy of the trial court's order requiring him to file a Rule 1925(b) statement; therefore, we decline to find appellant's issues waived").

Turning to the claims raised, we observe that the PCRA court properly addressed White's petition under the PCRA. The law provides that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue raised is cognizable under the PCRA. *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022); *see also* 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis"). In his petition filed below, White claimed he is serving an illegal sentence. A claim that a petitioner is serving an illegal sentence claim is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vii). Thus, the PCRA court properly treated his filing as his third PCRA petition.

Therefore, we must next determine whether this PCRA petition was timely. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (quotation marks and citation omitted); ***see also Fantauzzi***, 275 A.3d at 994 ("the timeliness of a PCRA is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates related to the time for filing any PCRA petition:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the fact upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

White's judgment of sentence became final on September 15, 2010, after the time to file an appeal with our Supreme Court expired. *Id.* § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). White therefore had until September 15, 2011, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). The instant PCRA petition, filed on May 19, 2025, is facially untimely.

Further, White failed to plead and prove that any timeliness exceptions apply. Our Supreme Court has repeatedly held that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Armolt*, 294 A.3d 364, 378 (Pa. 2023). As White's PCRA petition was untimely filed and he failed to invoke any timeliness exception, neither the PCRA court nor this Court have jurisdiction to consider the merits of White's claims. *See Commonwealth v. Keys*, 328 A.3d 1141, 1146 (Pa. Super. 2024) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims") (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/09/2026